629 So.2d 591 (1993)
Johnny Earl LACY
v.
STATE of Mississippi.
No. 91-KA-286.
Supreme Court of Mississippi.
December 16, 1993.
*592 Pat Donald, Donald Law Office, Morton, for appellant.
Michael C. Moore, Atty. Gen., Mary Margaret Bowers, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PRATHER, P.J., and BANKS and McRAE, JJ.
*593 BANKS, Justice, for the Court:
In this appeal we are confronted with the question whether an habitual offender indictment is irremediably flawed where it misnames the felony of conviction but gives the place and date of judgment and the cause number. We hold that the nature of the felony of conviction is not an essential element to the finding of habitual offender status under Miss.Code 1972 Ann. § 99-19-81 (Supp. 1993,) unless it is essential to the identification of the conviction alleged. Where as here, the precise cause number, as well as the date and jurisdiction, is given, the conviction in question is sufficiently identified and the misnaming of the felony is subject to correction by amendment. We find no reversible error in the remaining assignments. It follows that we affirm.

I
Johnny Earl Lacy prosecutes this appeal from his conviction of aggravated assault and sentenced as a recidivist entered in the Circuit Court of Scott County following a bifurcated trial by jury and later by judge alone conducted on February 19, 1991, and February 21, 1991, respectively. By virtue of Miss. Code 1972 Ann. § 99-19-81, (Supp. 1993), Lacy was sentenced to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections "without parole, suspension or reduction." The case arises out of an altercation between Lacy and his lover and the issue presented was one of self-defense.
Lacy claims (1) the trial court erred in suppressing cross-examination of certain witnesses concerning their refusal to discuss the facts of the case with defense counsel; (2) the trial judge should have granted the defendant's request for a mistrial after the district attorney referred to the defendant as a "crack addict" and urged the jury to get him off the streets before he killed somebody, and (3) the lower court erred in allowing the State to amend the habitual offender portion of the indictment so as to change the identity of two of the three underlying convictions relied upon for enhanced punishment.

II(a)
The lay witnesses who testified for the state were Dianne Reed, the victim, Roberta Reed, her sister, Scott Wash, her cousin, and James Washington, unrelated but the father of a child by Dianne. Counsel for Lacy sought to cross examine Roberta and Scott to establish that they initially refused to talk to him after the preliminary hearing and only did so after a conference with the county attorney. Counsel advised the court that he offered this evidence in order to show bias on the part of the witnesses. The court sustained the objection to the evidence. In doing so, it erred.
Long ago we recognized that:
[W]hen a witness is so stubborn that he will not talk, or so much of a partisan that he will not do so politely, this can be shown on the cross examination of that witness, and it thereupon becomes a most effective weapon for the depreciation of the weight of the testimony of such a witness when it is submitted to the jury that he was so biased that he would not talk, or, if so, only in an impolite way, or else that his refusal to talk was because of a consciousness that his story, if told in advance, was so insecure in point of truth as not to stand the scrutiny of any previous examination.
Bryant v. State, 172 Miss. 210, 217-218, 157 So. 346 (1934). See also, Mattox v. State, 240 Miss. 544, 562, 128 So.2d 368 (1961). More recently we observed that, while a witness is under no obligation to discuss the case with defense counsel prior to trial, the remedy for such refusal is cross-examination "regarding possible bias, asking what [the witness] had to hide." Tolbert v. State, 511 So.2d 1368, 1378 (Miss. 1987).
This Court's decisions in Sayles v. State, 552 So.2d 1383 (Miss. 1989), and Alexander v. State, 610 So.2d 320 (Miss. 1992), should not be read to disturb this long standing evidentiary rule. As we recognized in Alexander, MRE 616 specifically provides for showing bias on the part of a witness. 610 So.2d at 329. In that case, the question at issue called for speculation on the part of the witness as to what might be of interest to the defense. The Sayles court, dealing with a case tried prior to the adoption of MRE 616, *594 failed to focus on the issue of bias. It should suffice to say that MRE 616 clearly "reaffirmed the common law use of impeachment by bias, prejudice or interest," Comment, MRE 616, and that under that rule, it is permissible to adduce evidence to the effect that a witness has exercised the right to refuse to discuss the case with a party and examine the witness in that regard. See also, People v. Hannon, 19 Cal.3d 588, 138 Cal. Rptr. 885, 564 P.2d 1203 (1977); People v. Van Zile, 48 Ill. App.3d 972, 6 Ill.Dec. 747, 363 N.E.2d 429 (1977); State v. Murphy, 59 Haw. 1, 575 P.2d 448 (1978).

II(b)
Having determined that the court erred in excluding this testimony, we must now consider whether error requires reversal. Our former Rule 11, Mississippi Supreme Court Rules, which expresses the jurisprudence of this state, but which was not carried forward as a rule in our new codification of the rules in January 1, 1988, stated:
No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.
This old rule's standard of review in nonconstitutional questions was discussed in Conerly v. State, 544 So.2d 1370, 1377 (Miss. 1989), Holmes v. State, 537 So.2d 882, 884 (Miss. 1988), and in Buckhalter v. State, 480 So.2d 1128, 1129 (Miss. 1986). Our trial court rules continue to reflect this doctrine. See, Miss.R.Evid. 103(a); Miss.R.Civ.P. 61; Luther T. Munford, Mississippi Supreme Court Practice § 15.6 (1987, Rev. 1989, 1991). (Under this standard of review, this Court does not find reversible error in this assignment).
Here, all of the witnesses had just testified at the preliminary hearing where they were subject to full cross examination. It cannot be said that they wanted to withhold their stories in order to afford the defendant limited opportunity for scrutiny. All of the witnesses were shown to have reasons for bias or prejudice even without evidence of their initial refusal to discuss the case with defense counsel. The victim, her sister, her cousin and the father of her child could hardly be viewed as neutral witnesses. Their initial refusal to cooperate with defense counsel adds little, if anything, to this characterization. Finally, Washington, the only one technically unrelated to Dianne, gave no testimony harmful to Lacy. Under the circumstances, we can say with confidence that the error in excluding this testimony did not result in a miscarriage of justice.

III
The prosecutor's reference to Lacy as a "crack addict" was not error because the remark was fully supported by the defendant's own testimony. Lacy's objection to the other prosecutorial comment was sustained, and the jury was instructed to disregard it. Any error was neutralized and rendered innocuous beyond a reasonable doubt. Marks v. State, 532 So.2d 976, 984 (Miss. 1988); Crenshaw v. State, 520 So.2d 131, 134 (Miss. 1988).

IV
Lacy was charged as an habitual offender pursuant to Miss.Code 1972 Ann. § 99-19-81 (Supp. 1993), which requires proof that the defendant had been twice previously convicted of a felony in this state or another. The indictment charged that Lacy had previously been convicted in the State of Nevada of the crimes of (1) burglary, (2) conspiracy to commit burglary, and (3) attempted grand larceny. The State's proof, on the other hand, established that Lacy had been previously convicted in the State of Nevada of (1) attempted burglary, (2) conspiracy to commit robbery, and (3) attempted grand larceny. Other than the misidentification of the two offenses, all other information in the nature of cause numbers, dates of the offenses, and the sentences imposed were the same on both the indictment and the judgments of conviction.
The prosecution moved to amend the indictment by interlineation, explaining to the court that the prosecution relied upon information received over the telephone prior to receiving copies of the abstract of judgments in the mail. In permitting the State to *595 amend the indictment to conform to the proof, the trial judge noted that the case numbers set forth in the indictment were the same as the case numbers appearing in the abstract of judgments and further "... I find there is no surprise, and the amendment is only as to the date and the nature of the charge, the case numbers being the same, the Defendant being adequately advised." An order allowing the amendment "by interlineation" was entered by the circuit judge on February 21, 1991, the day of the sentencing hearing.
This Court has held that "[s]ections 99-19-81 and 99-19-83 of the Miss. Code Ann. are not criminal offenses and only affect sentencing." Dalgo v. State, 435 So.2d 628, 630 (Miss. 1983) quoting from Osborne v. State, 404 So.2d 545, 547-48 (Miss. 1981). Nevertheless, Rule 6.04, Miss.Unif.Crim.R.Cir.Ct. Prac. (1979), as amended, succinctly requires in subsection (1) that "[t]he indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous felonies, the state or federal jurisdiction of previous conviction, and the date of judgment." [emphasis supplied].
The requirement of certainty and particularity in indictments is directed at the values of fair notice to the accused, the avoidance of subjecting the accused to double jeopardy and enabling the accused to defend. See, Jackson v. State, 450 So.2d 1081 (Miss. 1984); Hamilton v. State, 197 So.2d 469 (Miss. 1967). The habitual offender aspect of this indictment has no double jeopardy implications. We are therefore left to consider whether the accused received fair notice enabling him to defend. Lacy was given the case number, jurisdiction and date of judgment.
There was no question that each conviction was of a felony. Section 99-19-81 does not require that either predicate felony be of a certain type. Two felonies are required. One alleged felony was correctly identified. One felony was conspiracy. That the object of the conspiracy, robbery, was misidentified as burglary, surely did not affect Lacy's ability to defend. The third felony was identified as burglary when the conviction was for attempted burglary. Again Lacy's ability to defend was not impaired.
Where the amendment goes to factors which are not essential elements of the crime charged indictments may generally be amended. Baine v. State, 604 So.2d 258 (Miss. 1992); (Allowing amendment as to date of the crime where time was not essential). Evans v. State, 499 So.2d 781 (Miss. 1986); (Allowing amendment as to the name of the victim). In the instant premises, the nature of the felony is not essential. The requirement of the rule as to the nature or description of the felony is clearly in aide of proper identification. Here the felonies alleged were sufficiently identified in the original indictment so as not to mislead Lacy and the trial court properly allowed the proof and the amendment to the indictment.

V
For the foregoing reasons the judgment of the circuit court is hereby affirmed.
CONVICTION OF AGGRAVATED ASSAULT AND SENTENCED AS AN HABITUAL OFFENDER TO TWENTY (20) YEARS IMPRISONMENT AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.