# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CP-01082-SCT

*CHARLES A. WATTS a/k/a CHARLES ARNOLD WATT a/k/a ERNEST ELDON WOOD*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/19/98 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:   DEWITT T. ALLRED, III |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/12/1999 |
| MOTION FOR REHEARING FILED: | 08/19/99; denied 12/02/99 |
| MANDATE ISSUED: | 12/09/99 |

**BEFORE PRATHER, C.J., BANKS AND SMITH, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

¶1. Charles A. Watts, a/k/a Charles Arnold Watts, a/k/a Ernest Eldon Wood, appeals the trial court's denial of post-conviction relief and raises the following issues for consideration by this Court:

   **A. Whether the second trial violated the appellant's constitutional right against double jeopardy?**

   **B. Whether the trial court erred in allowing into evidence statements made by the victim?**

   **C. Whether it was reversible error because the prosecution failed to provide discovery as ordered?**

   **D. Whether the petitioner was erroneously sentenced as an habitual offender?**

¶2. This Court finds that motion filed with the trial court was improper under Miss. Code Ann.§ 99-39-7 (1994), which provides that:

   Where the conviction and sentence have been affirmed on appeal . . . the motion under this chapter shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, convened for said purpose . . . and an order granted

allowing the filing of such motion in the trial court.

Miss. Code Ann. § 99-39-7 (1994). Here, the appellant did not obtain permission of this Court to file his motion in the circuit court.

¶3. Furthermore, the motion for post-conviction relief is barred under the statute of limitations, Miss. Code Ann. § 99-39-5 (2) (Supp. 1998), and the successive writ bar, Miss. Code Ann. § 99-39-27 (9) (Supp. 1998). In addition, the issues raised by the appellant were considered and rejected on direct appeal, and, therefore, are barred by the doctrine of *res adjudicata*, pursuant to Miss. Code Ann. § 99-39-21 (3) (1994). *See Watts v. State*, 492 So. 2d 1281 (Miss. 1986). For all these reasons, the judgment of the Harrison County Circuit Court is affirmed.

¶4. **AFFIRMED.**

**PITTMAN, P.J., SMITH, MILLS AND COBB, JJ., CONCUR. BANKS, J., CONCURS IN RESULT ONLY. WALLER, J., CONCURS IN PART. SULLIVAN, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY McRAE AND WALLER, JJ.**

SULLIVAN, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:

¶5. I agree with the result reached by the majority in affirming the denial of Watts's petition for post conviction relief based upon the lack of merit in his assignments of error. Because the mistrial in Watts's first trial was not caused by the State with the intent of forcing him to move for a mistrial, I agree, as I wrote in the opinion on Watts's direct appeal, that his second trial was not barred by double jeopardy. *Watts v. State*, 492 So. 2d 1281, 1283-85 (Miss. 1986). However, I write separately to point out that the right against double jeopardy is a fundamental constitutional right. *Fuselier v. State*, 654 So. 2d 519, 522 (Miss. 1995). As such it is not subject to procedural bars. *Ivy v. State*, 731 So. 2d 601, 603 (Miss. 1999); *Jones v. State*, 700 So. 2d 631, 632 (Miss. 1997); *Grubb v. State*, 584 So. 2d 786, 789 (Miss. 1991). I must, therefore, respectfully dissent from that portion of the majority opinion holding Watts's double jeopardy claim barred.

**McRAE AND WALLER, JJ., JOIN THIS OPINION.**