MOORE, J.,
for the Court:
¶ 1. Appellant Antonio Cherill Franklin was indicted by a Scott County grand jury for armed robbery as an habitual offender. Following trial, the jury found Franklin guilty of the crime charged. The circuit court sentenced Franklin to thirty years as an habitual offender in the custody of the Mississippi Department of Corrections, without the benefit of parole, suspension or reduction of sentence. On appeal, Franklin presents the following issue for review
I. THE ERROR IN THE DATE OF A PRIOR CONVICTION IN THE HABITUAL CRIMINAL PORTION OF THE INDICTMENT IS A FATAL VARIANCE.
¶ 2. Finding this assignment of error to be without merit, this Court affirms.
STATEMENT OF THE FACTS
¶ 3. On September 19, 1997, Mrs. Doris Gregory was working at the Shell gas station on Highway 35 South in Forest, Mississippi. Gregory testified that at approximately 8:30 p.m., a man came into the gas station with a bandana over his face and head, gloves on, and was armed with a small, silver-colored handgun. The man ran into the station screaming to Gregory that this was a stick-up. He told Gregory to give him all the money in the cash register, while pointing the gun at her. She stated that he grabbed the entire cash register drawer and then ran out the door. Gregory testified as to the man’s appearance and attire.
¶ 4. During his testimony, Officer Trey Rogers, an employee of the Forest Police Department, read Franklin’s voluntary statement from October 10, 1997 to the court. In the statement, Franklin said that he went into the Shell gas station on Highway 35 with a bandana on and armed with a .380 handgun. Franklin stated that he got between $180 and $200 and then ran out of the store and went back to Newton. Both Officers Rogers and Robert Roncali testified that the statement made by Franklin while he was in custody was voluntary and given only after his rights were read to him and he signed the waiver of rights form.
¶ 5. Franklin testified that while in custody, he told Officers Rogers and Roncali that he did not know anything about the armed robbery at the Shell station. He also testified that the piece of paper that now had the above mentioned statement on it was blank when he signed it, and that he signed it only because he thought it was part of the waiver of rights form. Franklin denied making any part of the statement to the two officers. He also denied the accusation that he robbed the store.
LAW AND ANALYSIS
I. WAS THERE AN ERROR IN THE DATE OF A PRIOR CONVICTION IN THE HABITUAL CRIMINAL PORTION OF THE INDICTMENT WHICH WAS A FATAL VARIANCE?
¶ 6. Appellant Franklin asserts that in the habitual offender portion of the indictment, the listing of January 13, 1997, as the date of his prior conviction of possession of a weapon on a campus was the incorrect date for that conviction. Franklin contends in his argument that “the *18 proof showed” this conviction occurred on June 13, 1997, rather than on January 13, 1997, as alleged in the indictment. He then continues by declaring that the date of a prior conviction is an essential element of an indictment under URCCC 11.03(1), and the failure to include this essential element constitutes a denial of due process which should result in re-sentencing without enhancement. This Court disagrees with all the above assertions and finds no merit in this assignment of error.
¶ 7. The first point that must be addressed is that appellant Franklin did not object or raise this issue at trial. When no contemporaneous objection is made, the right to raise a point on appeal is not preserved, and the error, if any, is waived. Carr v. State, 655 So.2d 824, 832 (Miss.1995); Pittman v. State, 297 So.2d 888, 892 (Miss.1974). Therefore, this issue is procedurally barred on appeal. However, this Court will address the substance of this argument.
¶ 8. In asserting that the actual date of the prior conviction was June 13, 1997, rather than January 13, 1997, the only “proof’ Franklin refers to is a statement made by the prosecutor during the sentencing phase of the trial. In making an argument to the judge regarding sentencing, the prosecutor stated that the date of this prior conviction was June 13, 1997. This was the only time this particular date was mentioned instead of January 13, 1997, and Franklin now claims that this was the actual date of the prior conviction. This Court agrees with the State that this simply was a misstatement made by the prosecutor. This Court feels that Franklin is using this misstatement to now claim there was an error in the indictment for the present crime. There was no other evidence offered at trial that would prove Franklin’s contention, and in fact, all the other evidence proves that the prior conviction occurred on January 13, 1997: the indictment for the present crime states January 13, 1997, as the date of the prior; the State presented the lower court with the actual judgment from the court where the prior conviction was heard, bearing January 13, 1997, as the judgment date; and appellant Franklin himself, while testifying under oath in the present case, stated that his prior conviction was dated January 13, 1997. In light of all of this, Franklin’s contention that the prior conviction occurred on a different date than the date listed in the present indictment has no real foundation. Even if the indictment did state the incorrect date for the prior conviction, we still find the assignment of error to be without merit for the following reasons.
¶ 9. URCCC 11.03 deals strictly with cases involving enhanced punishment for subsequent offenses under state statutes. Rule 11.03(1) states that the indictment is to include both the present charge and the previous convictions, along with some particularities concerning the previous convictions, including the date of that judgment. Franklin correctly cites this rule, arguing that the judgment date of a prior conviction is an “essential element” that must be listed in the indictment of the present charge in order to exercise enhanced sentencing. However, the two cases Franklin cites as authority for this contention, Peterson v. State, 671 So.2d 647, 653-55 (Miss.1996) and Copeland v. State, 423 So.2d 1333, 1336 (Miss.1982), do not discuss or support applicability to URCCC 11.03(1). Although both Peterson and Copeland discuss “essential elements” that are required in indictments, neither case discusses an indictment with relevance to prior convictions and enhanced sentences. Therefore, neither case supports Franklin’s argument.
¶ 10. Although URCCC 11.03(1) states that specifications concerning prior convictions, including judgment dates, should be listed in the indictment for the present crime, under certain circumstances an incorrect, or sometimes absent, prior conviction judgment date is not a fatal variance to the habitual offender portion of the indictment. In these situations, the indict *19 ment would still be considered valid, and a defendant would be sentenced as a habitual offender. In Lacy v. State, 629 So.2d 591 (Miss.1993), the defendant was charged as a habitual offender pursuant to Miss.Code Ann. § 99-19-81 (Supp.1993), the same as Franklin. The Lacy court, in discussing UCRCCP 6.04 (URCCC 11.03 effective May 1, 1995) ruled that “the requirement of certainty and particularity in indictments is directed at the values of fair notice to the accused, the avoidance of subjecting the accused to double jeopardy and enabling the accused to defend.” Id. at 595. (See Jackson v. State, 450 So.2d 1081 (Miss.1984)) (emphasis added). The supreme court continued by stating that in dealing with the habitual offender aspect of the indictment, the only decision to be made was whether or not the accused received fair notice of the prior convictions, enabling him to defend himself. The court held that the prior convictions were “sufficiently identified ... so as not to mislead [defendant].... ” Id.
¶ 11. In Benson v. State, 551 So.2d 188 (Miss.1989), the defendant asserted that the indictment in his case was fatally defective because the habitual offender section of the indictment failed to state the dates of his prior convictions. In discussing URCCC 11.03(1) and its requirements, the supreme court cited Watson v. State, 291 So.2d 741 (Miss.1974), as authority. The Watson court held that the indictment must “substantially set forth the date of judgment of the prior conviction....” Benson, 551 So.2d at 195-96 (citing Watson, 291 So.2d at 743). The indictment in Benson included the state, county, and city jurisdiction of the previous convictions, a description of all the priors, the cause number of each, and the sentences. The defendant noted that the dates of the judgements were not listed at all, arguing that under UCRCCP 6.04 (URCCC 11.03) the indictment was therefore invalid. The Benson court did not agree:
All the information that is contained ... afforded the defendant access to the date of the judgment. This Court holds that information pertaining to the date of the judgment was substantially set forth in the indictment and that sufficient information was afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhanced punishment to comply with due process.
Id. at 196.
¶ 12. At present, all the information held to be sufficient in the Benson indictment was also included in the habitual offender section of Franklin’s indictment. The supreme court in Benson found the total lack of dates to be irrelevant since the other information was sufficient. This Court follows this reasoning in our decision in this case. Aside from the fact that the judgment date of one of Franklin’s prior convictions might have been incorrect, all the other information provides Franklin with the required notice. Therefore, the indictment is not fatally defective. Accordingly, this Court affirms.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER WITHOUT THE BENEFIT OF PAROLE, SUSPENSION OR REDUCTION OF SENTENCE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.