IRVING, J.,
for the Court.
¶ 1. This appeal originates from an order of the Circuit Court of Scott County summarily overruling and dismissing Johnny Earl Lacy’s post-conviction motion to vacate the habitual offender portion of his sentence. Lacy appears pro se before the Court and asserts (1) that the circuit court’s summary denial and dismissal of his motion for post-conviction relief was error constituting a deprivation of due process and equal protection of the law, and (2) that he made a prima facie showing of the denial of a state and federal right. We find no reversible error; therefore, we affirm the judgment of the circuit court.
FACTS
¶ 2. On February 6, 1991, Lacy was indicted in the Circuit Court of Scott County as a habitual offender for aggravated assault. The predicate felony convictions providing the basis for habitual offender status occurred in the State of Nevada. On February 19, 1991, a jury found Lacy guilty as charged. On February 21, 1991, the trial court sentenced him to serve twenty years in the custody of the Mississippi Department of Corrections, without parole, suspension or reduction of sentence pursuant to the habitual offender sentencing provisions of section 99-19-81 of the Mississippi Code of 1972 as annotated and amended.
¶ 3. Lacy appealed his conviction and sentence to the Mississippi Supreme Court. In that appeal, Lacy raised, inter alia, the validity of the habitual portion of his sentence. The issue was raised indirectly by challenging the propriety of the trial court’s permitting the State to amend the indictment. The precise issue was: “the lower court erred in allowing the State to amend the habitual offender portion of the indictment so as to change the identity of two of the three underlying convictions relied upon for enhanced punishment.” See Lacy v. State, 629 So.2d 591, 593 (Miss.1993). On December 16, 1993, the Mississippi Supreme Court affirmed the conviction and sentence. Id. at 595.
¶ 4. On April 11, 2000, Lacy filed, in the Circuit Court of Scott County, a motion to vacate and set aside the habitual provision of the sentence given him by that court on February 21, 1991, and affirmed by the Mississippi Supreme Court on December 16, 1993. As stated, the trial court summarily overruled and dismissed the motion. In so doing, the trial court held (1) that the motion was time barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev.2000), (2) that the motion was procedurally barred because the Mississippi Supreme Court had not granted Lacy *852 permission to file a post-conviction relief motion following its affirmance of Lacy’s conviction and sentence on direct appeal, and (3) the issues raised by Lacy in the motion were considered and rejected on direct appeal; therefore, consideration of them was barred by the doctrine of res judicata.
ANALYSIS AND DISCUSSION OF THE ISSUES PRESENTED
¶ 5. Mississippi Code Annotated section 99-39-7 (Rev.2000) speaks to the prerequisite for filing a post-conviction relief motion following the affirmance of a prisoner’s conviction and sentence on direct appeal. This code section states that:
The motion under this chapter shall be filed as an original civil action in the trial court, except in cases in which the prisoner’s conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this chapter shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, convened for said purpose either in term-time or in vacation, and an order granted allowing the filing of such motion in the trial court. The procedure governing applications to the supreme court for leave to file a motion under this chapter shall be as provided in section 99-39-27.
Miss.Code Ann. § 99-39-7 (Rev.2000).
¶ 6. In Watts v. State, 746 So.2d 310(¶ 2) (Miss.1999), the Mississippi Supreme Court held, in accordance with the dictates of the statute, that when a defendant has raised issues that are considered and rejected on direct appeal, the defendant must obtain the permission of the supreme court in order to file a post-conviction relief motion in the circuit court.
¶ 7. As stated, Lacy prosecuted a direct appeal to the Mississippi Supreme Court where his conviction and sentence were affirmed in toto. We could find neither an application to the Mississippi Supreme Court for leave of court to file the instant motion nor an order of the Mississippi Supreme Court granting leave to file same. Lacy admits in his brief that no permission was granted although he contends an application for leave was filed and denied. In the absence of such permission, we conclude that Lacy was procedurally barred from filing the motion in the circuit court. In an effort to extricate himself from the procedural bar, Lacy cites the case of Kennedy v. State, 732 So.2d 184 (Miss.1999). In Kennedy, the Mississippi Supreme Court considered Victor Kennedy’s claim, made in a successive post-conviction relief motion, that the trial court was without authority to sentence him to life for murder. Id. at 187. The court held that Kennedy was entitled to have his claim considered on the merits because it was essentially a claim that.his life sentence for murder was illegal. In so ruling, the Kennedy court said that “[t]his Court has held that errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration,” Id. at (¶ 8). In a previous post-conviction relief motion, the supreme court had “affirmed the trial court’s denial of relief on the life sentence for the murder charge.” Id. at (¶ 2).
¶ 8. Kennedy is different from our case in that in Kennedy, there had been no direct appeal of Kennedy’s conviction and sentence. Id. Therefore, Kennedy was not required to obtain leave of the Mississippi Supreme Court prior to initiating his first PCR motion. The only procedural bar Kennedy faced was the three-year limita *853 tion provision contained in section 99-39-5(2) of the Mississippi Code of 1972 as annotated and amended. Here, Lacy faces both the three-year bar contained in section 99-39-5(2) as well as the no-filing-without-permission bar contained in section 99-39-7. Lacy has cited no authority for the proposition that a prisoner, who has had his conviction and sentence affirmed on direct appeal, may institute a post-conviction relief motion in the trial court without first obtaining leave of the Mississippi Supreme Court to do so. We know of no such authority. Accordingly, we affirm the decision of the trial court dismissing Lacy’s post-conviction relief motion.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ„ CONCUR.