KING, C.J.,
for the Court:
¶ 1. Michael K. Johnson was convicted in the Circuit Court of Coahoma County of Count I, attempted aggravated assault, and Count II, possession of a firearm by a convicted felon. Johnson was sentenced *337 as a habitual offender to life in prison for attempted aggravated assault and life in prison for possession of a firearm by a convicted felon. The sentences were ordered to run concurrently in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Johnson appeals, raising the following issues:
I. Whether his indictment was defective;
II. Whether he received ineffective assistance of counsel;
III. Whether the trial court erred by denying his motion for a directed verdict;
IV. Whether the trial court erred by denying his motion for a new trial; and
V. Whether there was cumulative error.
Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 20, 2008, Johnson had an altercation with Russell Sanders, a coworker, while on the job. Sanders testified that Johnson wanted to talk to him about another employee, and Sanders told Johnson that he did not want to hear about it. This progressed into a verbal altercation. Sanders testified that he walked away from Johnson, but Johnson followed him. When Sanders turned around, Johnson flinched toward him. In response, Sanders grabbed Johnson, causing Johnson to drop a screwdriver. Sanders testified that Johnson retrieved the screwdriver from the ground and then walked away. Sanders thought that the altercation was over.
¶ 3. After work, Sanders and three other co-workers — Rodrick Rich, Arthur Ford, and Jerry Jackson — with whom he carpooled, got into the car to go home. Sanders, Rich, and Ford testified that they saw Johnson standing across from their car in the parking lot. They all saw Johnson raise a gun, point it toward their car, and fire the gun.
¶ 4. The bullet caused the driver’s side window to shatter. Rich and Ford testified that they jumped out of the vehicle. However, Sanders, who was driving, remained in the car, and drove off after Johnson fired the gun. After realizing that his co-workers were no longer in the car, Sanders returned to the parking lot. Rich, Ford, and Sanders testified that Johnson ran away from the scene toward the railroad tracks.
¶ 5. On May 27, 2008, Johnson was indicted as a habitual offender for Count I, attempted aggravated assault, and Count II, possession of a firearm by a convicted felon. In regard to the charge of possession of a firearm by a convicted felon, the defense stipulated that Johnson had been previously convicted of aggravated assault in August 1992. Johnson had also been previously convicted of manslaughter. However, the parties agreed not to mention this prior conviction to the jury in fear that it would prejudice Johnson’s case.
¶ 6. During the trial, Officer Charles Sledge of the Clarksdale Police Department, who was dispatched to the scene, testified that he found a single gunshot to the driver’s side door of the car. He found the bullet lodged in the door seal, and he found a nine-millimeter shell casing near the vehicle. Officer Sledge testified that the impact from the bullet caused the driver’s side window to shatter. Sergeant Robbie Linley, the investigating officer, testified that he took the bullet and shell casing to the crime lab for analysis. Sergeant Linley testified that no latent prints were found on the objects, and the police did not retrieve the gun from the crime scene. Sergeant Linley also stated that besides Sanders and the occupants of his *338 vehicle, no other witnesses volunteered to give a statement to the police.
¶ 7. On November 7, 2008, a jury in the Coahoma County Circuit Court found Johnson guilty of attempted aggravated assault and possession of a firearm by a convicted felon. Johnson was sentenced as a habitual offender to serve a life sentence on each count, with the sentences to run concurrently in the custody of the MDOC. Thereafter, Johnson filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied the motion. Aggrieved, Johnson timely filed his notice of appeal.
ANALYSIS
I. Defective Indictment
¶ 8. Whether an indictment is defective is an issue of law, which this Court reviews de novo. See Steen v. State, 873 So.2d 155, 161 (¶ 21) (Miss.Ct.App.2004).
A. Dates of Sentencing
¶ 9. First, Johnson ai'gues that, in the habitual portion of his indictment, the State failed to set forth the dates of sentencing for his prior convictions. Based on this alleged failure, Johnson maintains that the indictment was defective and insufficient to charge him as a habitual offender.
¶ 10. We must note that Johnson failed to raise this argument before the trial court. Thus, it is procedurally barred from review. See Franklin v. State, 766 So.2d 16, 18 (¶7) (Miss.Ct.App.2000) (finding that the appellant’s failure to raise an objection regarding his indictment before the trial court barred the issue from appellate review). Despite this procedural bar, we find Johnson’s argument is without merit.
¶ 11. Uniform Circuit and County Court Rule 11.03(1) provides, in pertinent part, that:
In cases involving enhanced punishments for subsequent offenses under state statutes:
1. The indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of the judgment.
Johnson’s indictment listed the principal offenses — Count I, attempted aggravated assault, and Count II, possession of a firearm by a convicted felon. The indictment also listed the previous convictions, a description of those convictions, the jurisdiction of those convictions, and the date of each judgment of conviction. Specifically, in cause number 6958, Johnson was convicted in the Circuit Court of Coahoma County on February 19, 1986, of manslaughter and sentenced to twenty years. In cause number 7941, Johnson was convicted in the Circuit Court of Coahoma County on August 12, 1992, of aggravated assault and sentenced to twenty years.
¶ 12. Based on the foregoing, the indictment was in compliance with Rule 11.03(1) and sufficiently charged him as a habitual offender. There is no requirement that the indictment include the dates of sentencing. Thus, we find that his argument is without merit.
B. Charged Under Two Habitual Statutes
¶ 13. Next, Johnson argues that the indictment erroneously charged him as a habitual offender under two different statutes: Mississippi Code Annotated section 99-19-83 (Rev. 2007) and Mississippi Code Annotated section 99-19-81 (Rev. 2007). Johnson contends that the State should have specified which statute applied. The *339 State argues that Johnson failed to raise this argument below and that the indictment was not ambiguous.
¶ 14. Johnson did not raise this argument before the trial court. Thus, it is procedurally barred from review. See Franklin, 766 So.2d at 18 (¶ 7). Despite this procedural bar, we find that Johnson’s argument is without merit.
¶ 15. Section 99-19-81 provides that a person convicted of a felony shall be sentenced to the maximum term of imprisonment for that crime if: (1) he has previously been convicted of two felonies, and (2) he has served separate sentences of one year or more on each felony conviction. Miss.Code Ann. § 99-19-81. In contrast, section 99-19-83 requires the trial court to sentence a repeat offender to life in prison where at least one of the previous felony convictions was for a crime of violence and the defendant served one year or more for both prior felonies. Miss.Code Ann. § 99-19-83.
¶ 16. The pertinent part of the habitual-offender portion of Johnson’s indictment charged that:
[T]he said defendant is hereby charged under [Mississippi Code Annotated] § 99-19-83 to be sentenced to life imprisonment or, alternatively, if proof [does] not support sentencing under § 99-19-83, [then] under [Mississippi Code Annotated] § 99-19-81 [the defendant is] to be sentenced to the maximum term of imprisonment prescribed for such felony....
Based on our review of the record, it is clear that the State charged Johnson as a habitual offender under section 99-19-83. Section 99-19-81 was clearly listed as an alternative. As previously mentioned, Johnson’s previous felony convictions were for manslaughter and aggravated assault. Thus, it is abundantly clear that the State’s evidence supported Johnson’s charge as a habitual offender under section 99-19-83 because both of Johnson’s previous felonies were crimes of violence.
¶ 17. Furthermore, the supreme court has held that: “[I]t [is] not necessary for the State to specify in the indictment which section of the habitual criminal statute they were proceeding under ... [because] these two statutes are not criminal offenses and only affect sentencing.” Ellis v. State, 469 So.2d 1256, 1258 (Miss.1985) (citing Osborne v. State, 404 So.2d 545, 548 (Miss.1981)); see Frazier v. State, 907 So.2d 985, 990 (¶ 12) (Miss.Ct.App.2005). Based on the foregoing, we find that Johnson’s argument is without merit.
II. Ineffective Assistance of Counsel
¶ 18. On direct appeal, Johnson argues that he received ineffective assistance of counsel. Specifically, Johnson maintains that his trial counsel allowed him to be sentenced to a life sentence by a judge rather than by a jury; his trial counsel lied to him; his trial counsel did not allow him to review discovery; his trial counsel failed to object to his allegedly defective indictment; and he told the trial court that he did not want his trial counsel to represent him.
¶ 19. This Court rarely considers issues of ineffective assistance of counsel on direct appeal unless “(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.” Graves v. State, 914 So.2d 788, 798 (¶ 35) (Miss.Ct.App.2005) (citations omitted).
¶ 20. Based on our review of the record, we do not see ineffectiveness of constitutional dimensions. Also, the parties have not stipulated that the record is adequate *340 to allow this Court to consider the issue. Thus, we decline to address Johnson’s claim of ineffective assistance of counsel on direct appeal.
III. Motion for a Directed Verdict
¶ 21. Johnson argues that the trial court erred by denying his motion for a directed verdict because the State did not prove each element of the offense. Specifically, Johnson alleges that the State wrongfully charged him with attempted aggravated assault when it, instead, should have charged him with shooting into a motor vehicle. Johnson also claims that the State did not satisfy the intent element of attempted aggravated assault. Conversely, the State argues that it successfully proved all elements of the crime; thus, the motion for a directed verdict was properly denied.
¶ 22. A motion for a directed verdict challenges the legal sufficiency of the evidence. Hill v. State, 912 So.2d 991, 994 (¶ 19) (Miss.Ct.App.2004) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). In reviewing a trial court’s grant or denial of a motion for a directed verdict, we view the evidence in the light most favorable to the State, giving the State all reasonable inferences which may be drawn there from. Id. This Court will not reverse the trial court’s decision absent a finding that “fair-minded jurors could only find the defendant not guilty.” Id. To determine whether there was error, we must review the elements of the crime charged. Id.
¶ 23. Johnson was indicted for attempted aggravated assault under Mississippi Code Annotated section 97-3-7(2) (Supp.2009), which provides that:
A person is guilty of aggravated assault if he ... attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....
Johnson argues that the State should have charged him with shooting into a motor vehicle. However, it is within the prosecutor’s discretion to decide what charge to bring against a criminal defendant. Jordan v. State, 995 So.2d 94, 109 (¶ 45) (Miss.2008) (citing Watts v. State, 717 So.2d 314, 320 (¶ 14) (Miss.1998)).
¶ 24. Under the indictment, the State simply had to prove that Johnson attempted to cause bodily injury to Sanders with a deadly weapon. During the trial, Sanders testified that he was involved in an altercation with Johnson on the day of the incident. Sanders, Rich, and Ford all testified that they saw Johnson raise a gun and fire the gun at their car. A bullet was recovered from the seal of the driver’s side door, which is where Sanders was sitting. Based on the evidence presented at trial, we find that a reasonable jury could have concluded that Johnson intended to cause bodily injury to Sanders by using a deadly weapon. Thus, we find that the trial court did not err by denying Johnson’s motion for a directed verdict. This assignment of error is without merit.
IV. Motion for a New Trial
¶ 25. Johnson argues that the trial court erred by denying his motion for a new trial because the verdict is against the overwhelming weight of the evidence. Specifically, Johnson claims that there was no evidence that he intended to cause injury to anyone in the car. Conversely, the State argues that the trial court did not err by denying the motion for a new trial because there was no evidence presented that was contrary to the verdict.
¶ 26. This Court reviews the trial court’s decision to grant or deny a *341 motion for a new trial under an abuse-of-discretion standard of review. Hill, 912 So.2d at 995 (¶ 25) (citing Woodard v. State, 765 So.2d 578, 576 (¶ 16) (Miss.Ct.App.2000)). Whether to grant or deny a motion for a new trial is in the trial court’s sole discretion. Id. The trial court should only grant a new trial when the verdict is so contrary to the overwhelming weight of the evidence that failure to grant the motion would result in an unconscionable injustice. Id. To determine whether the verdict is against the overwhelming weight of the evidence, this Court views all evidence in the light most consistent with the verdict. Id.
¶ 27. In this assignment of error, Johnson simply repeats the same argument that he made under his third assignment of error. Thus, we find that this issue is also without merit.
V. Cumulative Error
¶ 28. Johnson argues that the cumulative effect of the errors of the trial court is grounds for reversal in this case. Under the cumulative-error doctrine, “individual errors, which are not reversible in themselves, may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial.” Harris v. State, 970 So.2d 151, 157 (¶ 24) (Miss.2007) (quoting Ross v. State, 954 So.2d 968, 1018 (¶188) (Miss.2007)). However, where the Court does not find any error in the case, there can be no cumulative error that warrants reversal. Id. (citing Gibson v. State, 731 So.2d 1087, 1098(31) (Miss.1998)).
¶29. We have not found any error in Johnson’s case. Thus, there can be no reversal based on the cumulative-error doctrine. This issue is without merit.
¶ 30. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF COUNT I, ATTEMPTED AGGRAVATED ASSAULT, AND SENTENCE AS A HABITUAL OFFENDER OF LIFE; AND COUNT II, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE AS A HABITUAL OFFENDER OF LIFE, WITH THE SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.