LAMAR, Justice,
dissenting:
¶ 10. I disagree with the majority’s conclusion that the circuit court erred in limiting Anthony’s cross-examination of Brown.[1] Therefore, I respectfully dissent.
¶ 11. This Court reviews a circuit court’s limitations on cross-examination for an abuse of discretion,[2] and that discretion “must be exercised within the boundaries of the Mississippi Rules of Evidence.”[3] This Court has explained that “[ajbuse of discretion is found when the reviewing court has a ‘definite and firm conviction’ that the court below committed a clear error of judgment and conclusion it reached upon a weighing of the factors.”[4] Additionally, error may not be based upon a evidentiary ruling “[ujnless a substantial right of the party is affected.”[5] In other words, for the circuit court’s evidentiary ruling to constitute reversible error, it must have had the effect of denying the defendant a fundamentally fair trial, resulting in a miscarriage of justice.[6]
*399 ¶ 12. To be admissible, all evidence must comport with our Rules of Evidence, and no evidence is admissible if it is not relevant or if its probative value is outweighed by its prejudicial effect.[7] It is true, as the majority notes, that Mississippi allows “wide-open cross-examination so long as the matter is relevant.”[8] But cross-examination is not without limits, and our trial courts can and should limit cross-examination into issues that are not relevant, or are otherwise barred by our Rules of Evidence. Indeed, Rule 611(a) expressly recognizes that a judge may limit cross-examination to “(1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.” [9]
¶ 18. Anthony argues the circuit court erred by limiting his cross-examination of Brown on two issues — Brown’s 1993 conviction and his April 2007 arrest. The majority determines that the Court erred in restricting his cross-examination because the “favorable treatment Brown had received on his prior charges in exchange for his testimony was a material point that affected Brown’s credibility as a witness.” [10] The majority concludes that the circuit court’s limitation denied “Anthony the opportunity to fully challenge Brown’s credibility.”[11] But, while Anthony has a right to confront his accusers, this right is not unlimited, and is “always subject to the trial court’s inherent power to limit cross-examination to relevant factual issues.”[12]
¶ 14. I agree that Anthony had a right to cross-examine Brown about his arrangement to “work off’ certain drug charges as a confidential informant. The circuit court specifically questioned Brown, under oath and outside the presence of the jury, about his prior charges, and the court allowed Anthony’s attorney to question Brown as well. Then the circuit court ruled:
Court: [Y]ou may ask about the pill charges that he caught that were part of the deal that was going to be done away with for his cooperation. I mean, that happened and that’s relevant, and you may ask about that. As to felonies in years past, you may not ask about that. As to some dismissal of a vulnerable adult charge or abuse of a vulnerable adult charge where he was not convicted, I don’t think that’s an appropriate matter for cross-examination, you may not ask about that unless you have got some proof that it was directly related to the deal.
¶ 15. The circuit court determined that Anthony could question Brown regarding the pill charges that were going to be dismissed as part of the deal Brown had made in exchange for his cooperation, but held that the 1993 conviction was so remote in time that it had no bearing on Anthony’s case, and that the April 2007 arrest was irrelevant because it was not related to Brown’s deal with the drug task force and therefore, not probative of bias. Because Anthony presented no specific facts that would support a finding that Brown’s 1993 conviction or April 2007 arrest had any relevance to Brown’s arrangement to work as a confidential informant, or to Brown’s bias or credibility, I *400 would find that the circuit court properly-limited cross-examination on these issues.
¶ 16. The majority finds that Rule 616 of our Rules of Evidence governs this question because it provides that “evidence of bias, prejudice, or interest of the witness/or or against any party to the case is admissible” for the “purpose of attacking the credibility of a witness.” It is clear to me that Anthony sought to cross-examine Brown on his 1993 conviction and April 2007- arrest not to show that Brown had some bias or prejudice against Anthony, but to attack Brown’s character for truthfulness by showing Brown had broken the law on several occasions and was not credible. Therefore, I would find Anthony’s cross-examination on these two issues was governed by Rules 608 and 609 of our Rules of Evidence, not Rule 616. Rules 608 and 609 of our Rules of Evidence limit admission of past convictions and specific instances of conduct of a witness when offered only to attack the witness’s character for truthfulness.
¶ 17. Admissibility of evidence related to Brown’s 1993 conviction for the purpose of attacking Brown’s character for truthfulness is governed by Rule 609:
(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.[13]
¶ 18. The record does not reveal the crime committed in 1993 or when Brown was released from prison. However, it is undisputed that more than ten years (in fact, approximately seventeen) had passed since the date of the conviction at the time Brown testified. There is no evidence that Brown was released from confinement imposed for the conviction less than ten years before he testified against Anthony, and Anthony does not argue that he was. Under Rule 609(b), evidence of the 1993 conviction was admissible only if the court determined that the probative value of the conviction substantially outweighed its prejudicial effect. Furthermore, such evidence is not admissible unless Anthony gave sufficient written notice to the State of his intent to introduce evidence of the antiquated conviction.[14]
¶ 19. The record shows that the circuit court heard argument on admissibility of both instances of prior conduct outside the presence of the jury. The circuit-court judge found, as to the 1993 conviction, that Anthony had not given the sufficient written notice required under Rule 609, that the conviction was so remote that it would have no bearing on the case, and that admission of the evidence would be unfairly prejudicial to the State. The circuit court applied the correct legal analysis, and its ruling was not an abuse of discretion. I would affirm the circuit court on this issue.
¶20. As to the April 2007 arrest, the record is unclear regarding the nature of the crimes, but it appears to be an arrest for abuse of a vulnerable adult. Anthony admits that his counsel’s argument and *401 questions were based on a booking report provided to the defense during discovery, and that he does not know exactly what the crimes involved or when they occurred. Anthony does not argue that the April 2007 arrest led to a conviction, and there is no evidence that Brown was convicted of any crimes that he was arrested for in April 2007. Therefore, cross-examination regarding the April 2007 arrest is governed by Rule 608, which addresses cross-examination into a witness’s specific instances of conduct, other than conviction of a crime, and provides in pertinent part as follows:
(b) Specific Instances of Conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness’s character for truthfulness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness’s character for truthfulness or untruthfulness.... [15]
This Court has stated clearly that instances of past conduct offered solely to attack a witness’s credibility “must be such as to reflect upon the witness’s character for truthfulness. If the past conduct did not involve lying, deceit, or dishonesty in some manner, it cannot be inquired into on cross-examination. The trial court has no discretionary authority to permit inquiry by cross-examination into conduct not involving truthfulness.”[16] Because Anthony offered no evidence that the conduct that gave rise to Brown’s April 2007 arrest involved lying, deceit, or dishonesty, I would find the circuit court properly limited cross-examination on this issue.
¶ 21. Anthony was allowed to question Brown regarding whether he had ever been convicted of a felony and regarding his only drug charges giving rise to his arrangement to work as a confidential informant. At trial, Anthony asked Brown the following questions in the presence of the jury:
Q: Have you ever been convicted of any felonies?
A: Yes.
[[Image here]]
Q: Mr. Brown, how is it that you became involved with MBN or the Laud-erdale County Task Force?
A: I caught a sale — a pill charge.
Q: When you say you “caught a pill charge,” what do you mean?
A: I sold to someone and they — I got caught.
[[Image here]]
Q: Okay. But they arrested you?
A: Yes.
Q: Okay.
A: Yes, sir.
Q: What were you told when you got arrested?
A: What was I told?
Q: Were you told, hey you can work this charge off, we can cut you a deal and let you go free or—
A: No. I went to them and asked them could I help myself.
Q: Why did you want to do that?
A: To keep from going to jail.
Q: And, obviously, you have done it so far?
A: Yes, sir.
Q: Okay. But you also got paid, didn’t you?
*402 A: Yes, sir.
¶22. Anthony had an opportunity to, and did, fully question Brown in the presence of the jury regarding his agreement to “work off’ his own drug charges by working with the drug task force. Indeed, Anthony questioned Brown about the specific charges; ie., the pill charges, that gave rise to Brown’s work as a confidential informant. The jury was made aware that Brown had his own reasons to cooperate with the police — they heard Brown testify that he previously had been convicted of a felony, that he was working with the drug task force to avoid going to jail, and that he was paid to be a confidential informant. Additionally, the record shows that Christopher Scott, the police officer who arranged for Brown to work as a confidential informant, also testified that the pill charges against Brown were dropped in exchange for Brown’s work with the drug task force, and that Brown was paid for his work. In fact, during Anthony’s cross-examination, Scott agreed that working as a confidential informant was “like a get-out-of-jail-free card” and that Brown had an “ulterior motive” to testify so that his drug charges would “go away.”
¶ 23. Any additional testimony that Brown was convicted of an unrelated crime in 1993 or arrested for some uncertain crime in April 2007 would be cumulative on the issues of Brown’s credibility and/or motivation to testify against Anthony. Even if the circuit court abused its discretion by limiting Anthony’s cross-examination on these two issues, which I do not believe that it did, I cannot agree that the limitation affected Anthony’s substantial rights, denied him a fundamentally fair trial, or resulted in a miscarriage of justice. Therefore, I would find that any error on the part of the circuit court in limiting Anthony’s cross-examination was harmless error, at worst.
¶ 24. For the foregoing reasons, I would affirm the circuit court’s decision to limit Anthony’s cross-examination of Brown, and would affirm Anthony’s conviction and sentence.
DICKINSON AND RANDOLPH, P.JJ, AND COLEMAN, J., JOIN THIS OPINION.

. I note that the majority states that Anthony raised the same three issues in his petition for writ of certiorari before this Court that he raised before the Court of Appeals. (Maj. Op. at ¶ 1). However, Anthony raises two issues in his petition, only the first of which was raised before the Court of Appeals: (1) that the circuit court improperly limited his cross-examination of Brown and (2) that his right to a speedy trial was violated. Because Anthony raises the issue of his right to a speedy trial for the first time in his petition, this claim is procedurally barred and I decline to address it. Stockstill v. State, 854 So.2d 1017, 1023 (Miss.2003) (citations omitted).

. Johnston v. State, 618 So.2d 90, 93 (Miss.1993) (citation omitted).

. Id.

. Withers v. State, 907 So.2d 342, 345 (Miss.2005) (citation omitted).

. M.R.E. 103(a).

. Lacy v. State, 629 So.2d 591, 594 (Miss.1993).

. M.R.E. 402, 403.

. Johnston, 618 So.2d at 93. See also M.R.E. 611(b).

. M.R.E. 611(a).

. Maj. Op. at ¶ 7.

. Id.

. Foster v. State, 508 So.2d 1111, 1114 (Miss.1987) (citation omitted) (overruled on other grounds).

. M.R.E. 609 (emphasis added).

. M.R.E. 609.

. M.R.E. 608 (emphasis added).

. Brent v. State, 632 So.2d 936, 944 (Miss.1994) (citations omitted).