912 So.2d 991 (2004)
Russell HILL a/k/a Russell K. Hill, Appellant,
v.
STATE of Mississippi, Appellee.
Nos. 2003-KA-00007-COA, 2003-KA-00730-COA.
Court of Appeals of Mississippi.
December 7, 2004.
Rehearing Denied July 26, 2005.
Certiorari Denied October 20, 2005.
*992 Russell Hill, Appellant, pro se.
Morris Sweatt, Columbia, attorney for appellant in No. 2003-KA-00007-COA.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Charles Baron Irvin, attorney for appellant in No. 2003-KA-00730-COA.
Office of the Attorney General by W. Glenn Watts in No. 2003-KA-00730-COA.
Before KING, C.J., IRVING and MYERS, JJ.
KING, C.J., for the Court.
¶ 1. Russell Hill was convicted of armed robbery and burglary by a jury in the Circuit Court of Lamar County. On the armed robbery charge, Hill was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections, with twenty-five years to serve and five years suspended, pending successful completion of a five-year period of post-release supervision, and was ordered to pay a fine of $1,000, restitution of $450, an assessment of $1,000 to the Mississippi Crime Victims Compensation Fund and all court costs. On the charge of burglary of an inhabited dwelling, Hill was sentenced to a term of twenty-five years in the custody of the Mississippi Department of Corrections, with fifteen years to serve and ten years suspended, pending successful completion of a five-year period of post-release supervision, and ordered to pay court costs. These sentences were to run consecutively. Aggrieved by his convictions and sentences, Hill has appealed and the cases have been consolidated for appellate purposes. On appeal, Hill raises the following issues:
I. Whether the trial court erred by denying the motion for a directed verdict.
II. Whether the trial court erred by denying the motion for a new trial or judgment notwithstanding the verdict.
III. Whether the verdict was contrary to the weight and sufficiency of the evidence.
¶ 2. Hill has raised identical issues in the appeal of both of his convictions. Hill has also filed a separate pro se brief on his armed robbery conviction where he raises the following issue which we quote verbatim:
¶ 3. Whether the instant indictment should be dismissed for [infringement] upon appellant's right to due process of law and equal protection of laws, and lack of jurisdiction.

FACTS
¶ 4. On September 10, 2000 at approximately 3:00 a.m., Michelle Simmons was working as a cashier at the Shell Station in Purvis. While Simmons was standing behind the counter, a black male approached her inquiring about the prices of various items in the store. The individual, later identified as Russell Hill, attempted to walk around the counter but was told by Simmons that he could not enter that area. Hill then pulled out a box cutter, placed it near Simmons' neck, and told her to give him the money from the register.
¶ 5. Simmons opened the cash register and Hill began to take the money from the register. Hill also inquired about the location of videos. Simmons walked around the counter as if to show Hill where the *993 videos were located. She then ran out of the store and across the street, where a police officer in the area stopped her and inquired about what had just transpired.
¶ 6. Immediately following the incident, Simmons viewed a photographic line-up at the police station but was unable to identify Hill. While in the courtroom, prior to the preliminary hearing, Simmons recognized Hill as the robber and indicated this to the Assistant District Attorney.
¶ 7. At trial, station owner Roger Palmer testified that approximately $450 was missing from the register.
¶ 8. Purvis Police Officer James Delk testified that on the morning of the incident, he was parked near the Shell Station. He noticed Simmons run out of the store and across the street. Officer Delk followed in his vehicle and blew the car horn to get her attention. Simmons was very excited, and told Officer Delk that a robbery had occurred. Simmons described the suspect as a black male, wearing a shirt turned inside out, and carrying a weapon.
¶ 9. Officer Delk went to the store, where several persons in the area informed him that the suspect had left the store and had run behind the building. Delk drove in that direction, saw the suspect running but could not catch him. According to Delk, the suspect turned and briefly looked at him, but did not stop running. When Delk returned to the store, Officers Donald Cooper and Head Hamler of the Purvis Police Department were viewing the surveillance tape. When Delk viewed the tape, he recognized the individual on the tape as Russell Hill.
¶ 10. Officer Cooper knew Hill prior to the incident and also recognized him on the tape.
¶ 11. A warrant was issued for Hill's arrest, and according to Cooper, the police department received a call regarding Hill's whereabouts. On September 28, Hill was apprehended by Chief Jimmy Boone of the Purvis Police Department. Boone requested that Officer Cooper come and transport Hill to the jail. Cooper read Hill the Miranda rights and took him to jail. Cooper indicated that as Hill was being transported to jail, Hill asked, "How could you make a box cutter shoot?" Cooper testified that he had not mentioned the weapon used in the armed robbery.
¶ 12. While awaiting trial on the armed robbery charge, Hill was accused of burglary of an inhabited dwelling on March 9, 2001.
¶ 13. On March 9, 2001, Torkeisha Bolar (Bolar), who resided in Purvis, was awakened by the sound of someone banging on the wall in the living room of her residence. Bolar entered the living room where her eleven year old cousin Tina,[1] was sleeping on the sofa. As Bolar entered the room, she saw someone standing over the sofa and shouted, "Get out of my house. What are you doing here? Get out, get out." Bolar hit the individual on the back as he ran out of the front door. The individual ran onto the porch, and Bolar chased after him. Bolar, who knew Hill, saw his face in the porch light and recognized him. Bolar testified that Hill did not have permission to enter her house.
¶ 14. Tina testified that she had gone to sleep on the sofa, and was awakened by someone standing over her. According to Tina, someone placed a sheet in her mouth and held her feet to prevent her from kicking and screaming.
¶ 15. Carolyn Bolar, Torkeisha's mother, testified that she was awakened by the *994 sound of her daughter screaming at someone to get out the house. When Carolyn Bolar entered the living room, she saw her daughter chasing someone out of the house. She testified that the individual did not have permission to enter her home.
¶ 16. Carolyn Bolar called the Purvis Police Department. Officer Donald Cooper responded to the call. Upon investigating the matter, it was determined that a screen had been removed from a window on the back side of the house. Carolyn Bolar indicated that she may have left the kitchen window unlocked but was unsure. Cooper testified that Torkeisha Bolar identified Hill as the person who broke into their home.

ISSUES AND ANALYSIS

I.

Whether the trial court erred by denying the motion for a directed verdict.
¶ 17. On the armed robbery conviction, Hill claims that the trial court erred by denying his motion for a directed verdict. He argues that the State failed to prove its case but does not state with particularity where the State's proof was deficient.
¶ 18. On the burglary conviction, Hill raises the same issue but again fails to establish with particularity the alleged deficiency.
¶ 19. A motion for a directed verdict challenges the sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). When reviewing such a claim, this Court views the evidence in the light most favorable to the State, giving it the benefit of all reasonable inferences which may be drawn from the evidence, and accepting as true that evidence which supports guilt. Id. It must not weigh the evidence or its credibility as that is the province of the jury. Id. The Court may only reverse if the evidence is such that fair-minded jurors could only find the defendant not guilty. Id. To determine whether the court appropriately denied the motion for a directed verdict, this Court will review the elements of the crimes charged.
¶ 20. Pursuant to Mississippi Code Annotated Section 97-3-79 (Rev.2000), the elements of armed robbery are: (a) a felonious taking or attempt to take, (b) from the person or from the presence, (c) the personal property of another, (d) against his will, (e) by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon.
¶ 21. The elements of burglary of an inhabited dwelling as defined in Mississippi Code Annotated Section 97-17-23 (Rev. 2000) are: (a) breaking and entering the dwelling house or inner door of such dwelling house of another, (b) with intent to commit some crime. Cortez v. State, 876 So.2d 1026 (¶ 9) (Miss.Ct.App.2003).
¶ 22. In both instances, the State presented testimony from witnesses who identified Hill as the person who committed the crimes charged. Elements of the armed robbery charge were presented through testimony. Simmons testified that while working at the Shell Station in Purvis, an individual later identified as Hill, held a blade/box cutter near her neck, and took money out of the cash register. Simmons stated that she thought he was going to take her life.
¶ 23. In the burglary case, Torkeisha Bolar testified that she was awakened in the early morning by the sound of her cousin, who had been asleep on the sofa, screaming. Bolar ran into the living room where she discovered an intruder, Hill, standing over her cousin. Tina, Bolar's cousin, also testified that the individual put *995 a sheet in her mouth and tried to hold her feet down.
¶ 24. Hill has failed to establish facts or present evidence which support his claims. The record before this Court contains sufficient evidence upon which a jury could base a guilty verdict. This issue is without merit.

II.

Whether the trial court erred by denying the motion for a new trial or judgment notwithstanding the verdict.
¶ 25. Hill asserts that the trial court erred by denying his motions for a new trial. This claim goes to the weight of the evidence. Woodard v. State, 765 So.2d 573 (¶ 16) (Miss.Ct.App.2000). In reviewing a claim that the verdict is against the overwhelming weight of the evidence, this Court adheres to the following standard of review:
The decision of whether or not to grant a motion for a new trial rests in the sound discretion of the trial judge and should only be granted when the judge is certain that the verdict is so contrary to the overwhelming weight of the evidence that failure to grant the motion would result in an unconscionable injustice. In making the determination of whether a verdict is against the overwhelming weight of the evidence, this Court must view all evidence in the light most consistent with the jury verdict, and we should not overturn the verdict unless we find that the lower court abused its discretion when it denied the motion.
Id. (citations omitted).
¶ 26. While Hill's briefs assert this claim, neither brief sets forth facts or evidence from the record to establish that the verdicts were against the weight of the evidence. Phillips v. State, 421 So.2d 476, 478 (Miss.1982). Hill's briefs merely state that "it was error for the circuit court to let the verdict in this case stand since it must have been based on bias and prejudice and not the evidence adduced in court," without clearly articulating his reasons for this allegation. In looking at the evidence presented, this Court cannot say that the trial court's denial of Hill's motion was error.

III.

Whether the instant indictment should be dismissed for [infringement] upon appellant's right to due process of law and equal protection of laws, and lack of jurisdiction.
¶ 27. In his pro se brief, Hill attempts to argue that he has been held to answer for a felony "without presentment or indictment of a[g]rand [j]ury." The record reflects an indictment returned by the grand jury for a charge of armed robbery relating to Hill. This issue is without merit.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS, WITH FIVE YEARS SUSPENDED, PENDING SUCCESSFUL COMPLETION OF A FIVE-YEAR PERIOD OF POST-RELEASE SUPERVISION, AND ORDER TO PAY A FINE OF $1,000, RESTITUTION OF $450, AND AN ASSESSMENT OF $1,000 TO THE MISSISSIPPI CRIME VICTIMS COMPENSATION FUND, AND CONVICTION OF BURGLARY OF AN INHABITED DWELLING AND SENTENCE OF TWENTY-FIVE YEARS, WITH FIFTEEN YEARS TO SERVE AND TEN YEARS SUSPENDED, PENDING SUCCESSFUL COMPLETION OF A FIVE-YEAR PERIOD OF POST-RELEASE SUPERVISION, WITH SENTENCES TO RUN CONSECUTIVELY, *996 ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
BRIDGES AND, LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] For purposes of this opinion, the child's real name is not being used.