ISHEE, J.,
 

 for the Court:
 

 ¶ 1. Clarence Bennett Jr. was convicted of aggravated assault and possession of a firearm by a convicted felon in the Circuit Court of Bolivar County, Mississippi, Second Judicial District. He was sentenced to twelve years on the conviction of aggravated assault and three years on the conviction of possession of a firearm by a convicted felon, with the sentences to run concurrently, all in the custody of the Mississippi Department of Corrections (MDOC). Bennett appeals his conviction of aggravated assault on the basis that the jury’s verdict is against the overwhelming weight of the evidence. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On the morning of April 6, 2005, Bennett was arrested for disturbing the peace at his Cleveland, Mississippi, apartment complex. According to the record, the Cleveland Police Department received a call that Bennett had instigated a heated argument between himself and Myron Hall, who lived near Bennett in the same apartment complex, regarding Bennett improperly parking his vehicle at the apartment complex. Police officers responded to the call and arrested Bennett, who was released on bond shortly thereafter.
 

 ¶ 3. Later that day, Hall returned to the apartment he shared with his girlfriend and their children after he had picked up
 
 *370
 
 the children from school. Hall and his girlfriend both testified that he was accompanying the children into the apartment when Bennett opened his door and said: “If you see that tall man again, tell him I got [sic] something for him.” Hall responded: “Tell the man I got [sic] something right here.” Hall and his girlfriend stated that Bennett then stepped out of his apartment and fired several shots at Hall. Hall further testified that he was unarmed at all times and attempted to avoid injury by turning to run inside his apartment. Nonetheless, Hall suffered a “graze wound” to his back, for which he was treated and quickly released.
 

 ¶ 4. Conversely, Bennett testified that the morning incident, wherein he was arrested for disturbing the peace, was initiated by Hall. Bennett explained that as he left his apartment to take out his garbage on the morning of the shooting, Hall began an argument with him regarding the location of Bennett’s parked vehicle and its interference with Hall’s girlfriend’s parking space. Bennett stated that during the argument, Hall became increasingly agitated, began cursing at Bennett, and then approached him with a knife, at which point Bennett ran inside his apartment.
 

 ¶ 5. Bennett further testified that some time later, police officers arrived at his door and arrested him for disturbing the peace, despite his insistence of innocence. After he was bailed out of jail, Bennett claims to have visited a relative’s house, where he drank approximately one quarter of a pint of liquor. He then left and stated that upon returning to his apartment, he saw Hall in front of the apartment building, playing with his daughter. Bennett admitted he then pulled a pistol from his car and cautiously backed away from Hall with the gun hidden behind his back. Bennett testified that Hall leapt toward him, forcing him to shoot Hall in self-defense.
 

 ¶ 6. When asked what Bennett recalled about the testimony he had given the police officers at the scene of the shooting, Bennett admitted he could not remember his exact testimony as he was intoxicated at the time of the shooting. However, at Bennett’s sentencing, he told the trial court he was not attempting to shoot Hall; rather, he was attempting to shoot “a young gangster thug.”
 

 ¶ 7. Bobby Riley, a neighbor in Bennett and Hall’s apartment complex, testified at the trial regarding her observation of the shooting. Riley was present in her apartment on the day in question. She testified that she heard loud arguing between Bennett and Hall and also two shots fired; then she saw Hall attempting to escape inside his apartment. She stated that she did not see a knife or any other object in Hall’s hand, and she did not see who had fired the shots.
 

 ¶ 8. Officer Rhett Nelson, with the Cleveland Police Department, also testified at the trial. On the morning in question, he responded to the call that Bennett was disturbing the peace. He arrived at Bennett’s apartment and asked Bennett to explain the problem between himself and Hall. Officer Nelson observed distinct signs of Bennett’s intoxication, and he recalled that Bennett began yelling at passersby and ranting about his dislike for Hall and Hall’s girlfriend. Officer Nelson then arrested Bennett for disturbing the peace and stated that en route to the police station, Bennett announced he should solve his dispute by shooting Hall and Hall’s girlfriend.
 

 ¶ 9. Later that day, Officer Nelson responded to the call that Hall had been shot. Upon arriving at the scene, Hall and his girlfriend identified Bennett as the shooter and pointed Officer Nelson in the
 
 *371
 
 direction of Bennett’s apartment. Upon arresting Bennett in his apartment, Officer Nelson observed a nine-millimeter-shell casing outside the apartment door and Bennett’s nine-millimeter handgun and holster were later found in Bennett’s apartment.
 

 ¶ 10. On November 17, 2005, after a jury trial was held on the matter, Bennett was found guilty of aggravated assault and possession of a firearm by a convicted felon. On December 12, 2005, the trial court sentenced Bennett to twelve years for aggravated assault and three years for possession of a firearm by a convicted felon, with the sentences to run concurrently, all in the custody of the MDOC. Bennett appealed his conviction of aggravated assault and filed a motion for a judgment not withstanding the verdict (JNOV) or, in the alternative, for a new trial. The trial court denied his post-trial motion.
 

 ¶ 11. Thereafter, Bennett filed his notice of timely appeal; however, his counsel failed to file a brief, and Bennett’s appeal was dismissed under Mississippi Rule of Appellate Procedure (2)(a)(2). In September 2007, Bennett filed a motion for an out-of-time appeal, which was denied. In October 2008, Bennett appealed the denial of his motion for an out-of-time appeal. The Mississippi Supreme Court granted the appeal and reinstated Bennett’s original appeal. This Court now reviews Bennett’s appeal, which is based upon his claim that the jury’s verdict of guilty for aggravated assault is against the overwhelming weight of the evidence.
 

 STANDARD OF REVIEW
 

 ¶ 12. This Court recognizes that the decision to grant or deny a motion for a new trial is within the sole discretion of the trial court.
 
 Hill v. State,
 
 912 So.2d 991, 994 (¶ 19) (Miss.Ct.App.2004) (citing
 
 McClain v. State,
 
 625 So.2d 774, 778 (Miss.1993)). Accordingly, this Court utilizes an abuse-of-discretion standard of review in determining whether or not to grant or deny a motion for a new trial.
 
 Id.
 
 at 995 (¶ 25). A new trial should only be granted if “the verdict is so contrary to the overwhelming weight of the evidence that failure to grant the motion [for a new trial] would result in unconscionable injustice.”
 
 Id.
 
 (citation omitted). In deciding whether a verdict is against the overwhelming weight of the evidence, “this Court must view all evidence in the light most consistent with the verdict.”
 
 Id.
 

 DISCUSSION
 

 ¶ 13. In this case, it is undisputed that Bennett shot Hall. Bennett, Hall, and Hall’s girlfriend testified at the trial of the matter that Bennett was the shooter. Accordingly, the jury was essentially only charged with determining whether or not Bennett shot Hall in self-defense. The jury heard testimony from Bennett that he was drunk and that he and Hall had engaged in an argument on the morning of the shooting. The jury also heard testimony from Officer Nelson that Bennett was arrested for disturbing the peace following his argument with Hall and that, on the way to the police station, Bennett stated that he should shoot Hall and Hall’s girlfriend. Hall further testified that he was unarmed at the time of the shooting— testimony that was corroborated by Hall’s girlfriend as well as his neighbor, Riley. Officer Nelson also confirmed the weapon used to shoot Hall was Bennett’s nine-millimeter gun, which was found in Bennett’s apartment and the shell casing of which was discovered outside of Bennett’s apartment door directly after the shooting.
 

 ¶ 14. Bennett argues the testimonies of Hall and his girlfriend were unreliable, as both witnesses had a stake in the outcome
 
 *372
 
 of the case. Additionally, Bennett argues the testimony of Riley should have been disregarded because of minor inconsistencies in her testimony and because she testified that she did not see who had shot Hall. Nonetheless, witness credibility is a matter for the jury to consider and determine.
 
 Jackson v. Daley,
 
 739 So.2d 1031, 1039 (¶ 29) (Miss.1999). This Court will not set aside a verdict merely on account of a conflict in the facts.
 
 Price v. State,
 
 892 So.2d 294, 297-98 (¶ 15) (Miss.Ct.App.2004).
 

 ¶ 15. Accordingly, there is nothing in the record before this Court to demonstrate that the verdict convicting Bennett of aggravated assault is against the overwhelming weight of the evidence. Therefore, we affirm Bennett’s convictions and sentences.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCE OF TWELVE YEARS, AND COUNT II, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE OF THREE YEARS, WITH THE SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.