CARLTON, J.,
for the Court:
¶ 1. Eddie Ray Jones was convicted in the Circuit Court of Bolivar County of aggravated assault and sentenced as a habitual offender to twenty years in the custody of the Mississippi Department of Corrections (MDOC). Thereafter, Jones filed a post-trial motion for judgment notwithstanding the verdict (JNOV), which was denied by the trial court. Jones then filed a post-trial motion for a new trial, which the trial court subsequently denied. Jones now appeals.
FACTS
¶2. On March 22, 2007, Investigator George Serio with the Cleveland Police Department responded to a call in reference to a shooting that occurred on White Street in Cleveland, Mississippi. After arriving at the scene, Investigator Serio learned that Camisha Cleveland was shot while driving in her car down White Street. Jones, Henry Taylor, Maurice Williams, and Latoya Sellers were subsequently arrested.
¶ 3. On September 21, 2007, Jones and Taylor were indicted by a Bolivar County grand jury for the crimes of aggravated assault and possession of a firearm by a convicted felon. After a trial in the Bolivar County Circuit Court on May 19-20, 2008, the jury found Jones guilty of aggravated assault, but not guilty of possession of a firearm by a convicted felon. The jury found Taylor guilty of aggravated assault and guilty of possession of a firearm by a convicted felon. The trial court sentenced Jones as a habitual offender to twenty years in the custody of the MDOC for his aggravated-assault conviction. The trial court sentenced Taylor to ten years in the custody of the MDOC and to ten years of post-release supervision for his aggravated-assault conviction, and to three years in the MDOC’s custody for his possession of a firearm conviction to run consecutively to his aggravated-assault sentence.
*675 ¶ 4. On June 3, 2008, Jones filed a motion for a JNOV, which was denied by the trial court on June 13, 2008. Then, on June 30, 2008, Jones filed a motion for a new trial. The trial court filed a denial of this motion on July 14, 2011. Aggrieved, Jones appeals[1] raising the following issues: whether (1) the court erred in telling the jury that he had a prior conviction for the sale of cocaine; and (2) there was sufficient evidence to sustain his aggravated-assault conviction. Finding no error, we affirm.
JURISDICTION
¶ 5. Before we analyze Jones’s claims, we must first address the issue of whether this Court has proper authority to consider this appeal. Although neither party has questioned this Court’s jurisdiction, “it is incumbent upon this Court to assure that such jurisdiction exists.” Ross v. State, 16 So.3d 47, 52 (¶ 6) (Miss.Ct.App.2009). In the present case, the trial court filed its judgment on May 20, 2008. On June 3, 2008, Jones filed a motion for a JNOV, which the trial court denied on June 13, 2008. On June 18, 2008, the trial court filed Jones’s sentencing judgment. On June 30, 2008, Jones filed a motion for a new trial. Then, on July 24, 2008, the trial court filed an amended sentencing judgment. Jones filed his notice of appeal on July 25, 2008. On July 14, 2011, while the case was on appeal, the trial court filed an order denying Jones’s motion for a new trial.[2] We recognize that under Rule 2(c) of the Mississippi Rules of Appellate Procedure, “[i]n the interest of expediting de-cisión, or for other good cause shown, the Supreme Court or the Court of Appeals may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, in civil cases the time for taking an appeal as provided in Rules 4 or 5 may not be extended.” Therefore, in accordance with Rule 2(c) and in the interests of expediting justice, we have considered the assignments of error raised by Jones in his appeal.
DISCUSSION
I. PRIOR CONVICTION
¶ 6. While conducting voir dire, the trial judge read the indictment to the veniremen for the purpose of determining whether any potential juror had previously heard the facts of the case. While reading the indictment, the trial judge stated that it was alleged that Jones possessed a firearm, a pistol, after he had been previously convicted of the felony crime of sale of cocaine. Even though the State provided Jones with pretrial notice of its intent to use the prior convictions at trial, Jones objected and moved for a mistrial, which was denied by the trial judge.
¶ 7. In his first assignment of error, Jones argues that the trial court erred by informing the jury during voir dire that Jones had a prior conviction for the sale of cocaine. Specifically, Jones claims that Rule 11.03 of the Uniform Rules of Circuit and County Court[3] establishes the method *676 by which trial courts must handle trials involving enhanced punishments. Jones contends that implicit in Rule 11.03 is the requirement that a jury not hear the details of a defendant’s prior conviction(s) for fear the information will prejudice the jury. Jones also argues that his conviction should be overturned because of its factual similarity to Williams v. State, 37 So.3d 717 (Miss.Ct.App.2010), wherein this Court overturned a defendant’s conviction for aggravated assault and felony possession of a weapon.
A. Reading of the Indictment
¶ 8. A review of the record shows that Jones raised this assignment of error before the trial court in his motion for a new trial. The standard of review for the grant or denial of a motion for new trial is abuse of discretion. Bennett v. State, 50 So.3d 369, 371 (¶ 12) (Miss.Ct.App.2010) (citing Hill v. State, 912 So.2d 991, 995 (¶ 25) (Miss.Ct.App.2004)). “A new trial should only be granted if ‘the verdict is so contrary to the overwhelming weight of the evidence that failure to grant the motion for a new trial would result in unconscionable injustice.’ ” Id. “In deciding whether a verdict is against the overwhelming weight of the evidence, ‘this Court must view all evidence in the light most consistent with the verdict.’ ” Id.
¶ 9. After reviewing the record, we find this issue is without merit. A review of Rule 11.03 of the Uniform Rules of Circuit and County Court shows this rule to be inapplicable to the case at hand. Rule 11.03 speaks to cases involving enhanced punishments for subsequent offenses, which is not at issue in today’s case.
¶ 10. Furthermore, while we recognize that the United States Supreme Court in Old Chief v. United States, 519 U.S. 172, 191-92, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), has strongly endorsed the practice of allowing a defendant to stipulate to his status as a previously convicted felon, we find that the record shows that despite pretrial notice of the State’s intent to use the prior convictions at trial, Jones failed to enter such a stipulation prior to the commencement of the trial and prior to the time that the trial judge read the indictment to the jury.[4] The Mississippi Supreme Court has addressed Old Chief and concluded:
Where evidence of a prior conviction is a necessary element of the crime for which the defendant is on trial (i.e., pos *677 session of firearm by a convicted felon), but evidence of the specific nature of the crime for which the defendant was previously convicted (i.e., armed robbery), is not an essential element of the crime for which the defendant is on trial ... the trial court should accept a defendant’s offer to stipulate and grant a limiting instruction.
Timms v. State, 54 So.3d 310, 315 (¶ 17) (Miss.Ct.App.2011) (quoting Williams v. State, 991 So.2d 593, 605-06 (¶ 40) (Miss.2008)) (emphasis added).
¶ 11. In the present case, Jones was charged with aggravated assault and possession of a firearm by a convicted felon. Jones had been previously convicted of selling cocaine, a felony. Jones was, therefore, entitled to a stipulation as to his status as a convicted felon. However, the record shows that Jones did not enter into a stipulation as to his prior convictions prior to the commencement of the trial and prior to the time that the trial judge read the indictment to the jury. Moreover, the record reflects that Jones failed to stipulate to his prior conviction until the close of the State’s case-in-chief.
¶ 12. The record shows, during voir dire, the trial judge read Jones’s indictment to the jury. Jones’s counsel, Stan Perkins, objected, and the following exchange occurred outside of the presence of the jury:
PERKINS: Judge, the Court just stated that my client was previously convicted of the sale of cocaine. We stipulated that he was a convicted felon. But I think that’s extremely prejudicial to state the specific felony he’s charged — which he was charged.
THE COURT: In eight years I’ve always paraphrased the indictment. I had no request by anybody [sic] not to do what I’ve done in every case I’ve ever had. I’m not trying to do anything other than to see if anybody heard about it. I certainly would not try to prejudice your client, Counsel.
PERKINS: Judge, I just never expected the Court to do this.
[[Image here]]
PERKINS: I don’t have a choice but to move for a mistrial.
THE COURT: Okay. That’s denied. Do y’all have a response?
PROSECUTOR: Judge, only that right now as it stands, the State has exhibits it would submit that would state the same thing without there having been a motion.
THE COURT: Is it going to be in the ca§e[-]in[-]chief?
PROSECUTOR: Yes. Unless you want me to stipulate in a motion received by the State.
THE COURT: No, it’s too late at this point for that anyway.
[[Image here]]
THE COURT: Denied.
(Emphasis added). While the above-stated testimony shows that Jones claimed to have stipulated to his prior convictions, the record fails to include any evidence showing that Jones offered evidence of his prior convictions, or stipulated to his prior convictions, prior to the time that the trial judge read the indictment to the jury during voir dire. In fact, the record shows that Jones entered into a stipulation as to his prior felony conviction on the record at the close of the State’s case-in-chief, well past the commencement of the trial and only after the State was required to prove the elements of the offenses beyond a reasonable doubt. As such, we find no merit to this argument.
B. Mississippi Precedent
¶ 13. In Jones’s brief on appeal, he states:
*678 Rule 11.03 of the Uniform Circuit Court and County Court Rules [sic] establishes the method by which [cjircuit [c]ourts are to handle trials involving enhanced punishment. Implicit in this [r]ule is the understanding that |j]uries are not to hear details of a [defendant’s prior eonviction(s) for fear the information will prejudice the jury.
While, in this case, it is true that Eddie Ray Jones was charged with the crime of being a felon in possession of a fee-arm, the [c]ourt could have easily described the charge as simply that without further detail. Instead, the [c]ourt chose to describe not once, but twice the fact that Jones had previously been convicted of the [s]ale of [c]ocaine. Compound this with the fact that the [c]ourt also stated [defendant Taylor’s prior conviction, over objection, and the [a]p-pellant contends he was irreparably prejudiced.
The [a]ppellant relies on a recent ruling from this Honorable Court involving the same [tjrial [j]udge. In Williams v. State, 2009-KA-00900-COA, [37 So.3d 717 (Miss.Ct.App.2010) ], Williams’[s] conviction for aggravated assault and felony possession of a weapon was overturned for precisely the same reason. Reversal of Jones’[s] conviction in [c]ount [o]ne, therefore, should follow.
While Jones cites Williams v. State, 37 So.3d 717 (Miss.Ct.App.2010), to support his proposition that the trial court violated Rule 11.03 by notifying the jury of his prior convictions, we fed that the cited case does not provide an analysis of the application of Rule 11.03, and in fact, it does not even mention Rule 11.03. Further, as evidenced by the above-stated language, Jones makes no attempt to provide this Court with any argument or explanation as to the relevance of Williams to the assignment of error raised. “This Court has repeatedly held that where the appellant provides no meaningful argument in support of an assignment of error raised, the issue is waived on appeal.” Duncan v. State, 939 So.2d 772, 784 (¶43) (Miss.2006). See also King v. State, 857 So.2d 702, 716 (Miss.2003); Jones v. State, 841 So.2d 115, 138 (Miss.2003); Clay v. State, 881 So.2d 323, 329 (Miss.Ct.App.2004). Therefore, in accordance with Duncan, we fed that Jones waived this issue on appeal.
¶ 14. Notwithstanding the procedural bar, we fed this issue is without merit. In Williams, Jackson Williams Jr. was convicted of aggravated assault and possession of a weapon by a convicted felon. Williams, 37 So.3d at 719 (¶¶ 3-5). On appeal, this Court reversed Williams’s weapon possession conviction after finding that his knife was not a prohibited weapon under the applicable statute. Id. at 719-20 (¶ 5). After making this conclusion, this Court turned to consider the issue of retroactive misjoinder, which “occurs when joinder of multiple counts was initially proper but, through later developments such as an appellate court’s reversal of less than all convictions, joinder has been rendered improper.” Id. at 720 (¶ 7). In adopting the doctrine of retroactive mis-joinder, this Court announced the following two-part test: “(1) was evidence admitted at trial on the vacated count that would not have otherwise been admissible on the remaining count and, if so, (2) can the defendant demonstrate clear prejudice as a result of the inadmissible evidence that was presented to the jury.” Id. at 721 (¶ 10) (emphasis added). After considering the evidence and finding that Williams met both prongs of the retroactive-misjoin-der analysis, this Court reversed Williams’s aggravated-assault conviction and remanded the case to the lower court. Id. at 727-28 (II31).
*679 ¶ 15. After applying the retroactive-misjoinder analysis to the facts at hand, we find that, regardless of whether the evidence of Jones’s prior convictions would have been admitted at trial solely to prove the count of aggravated assault, then Jones failed to meet his burden of proving that the evidence of his prior convictions prejudiced him. In fact, as evidenced above, Jones fails to provide this Court with an argument to support his contention that he was “irreparably prejudiced” by the jury’s knowledge of his previous conviction of the sale of cocaine and that this ease should be overturned based on the holding in Williams. See Williams, 37 So.3d at 721 (¶ 10). Therefore, we find this issue lacks merit.
II. SUFFICIENCY OF THE EVIDENCE
¶ 16. In his next assignment of error, Jones argues that the evidence presented at trial was legally insufficient to support his aggravated-assault conviction and that the trial court erred by denying his request for a peremptory jury instruction as to the sufficiency of the evidence.[5] Jones asserts that because ,he was acquitted of possession of a firearm by a convicted felon, it logically follows that the jury did not find that he possessed or fired a gun on the day in question; therefore, the jury could only have found him guilty of aiding and abetting in the aggravated assault. Jones further contends that since no proof existed that he assisted the shooter or instructed the shooter to fire his weapon, the jury should have acquitted him of the charge of aggravated assault.
¶ 17. The State responds by pointing to Edwards v. State, 797 So.2d 1049, 1058 (¶ 25) (Miss.Ct.App.2001) (quoting Ruiz v. State, 641 S.W.2d 364, 366 (Tex.Ct.App.1982)), for the proposition that, “where a multi-count verdict appears inconsistent, the appellate inquiry is limited to a determination of whether the evidence is legally sufficient to support the counts on which a conviction is returned. What the jury did with the remaining counts is immaterial.” Accordingly, the State argues that the fact that Jones was acquitted of possession of a firearm by a convicted felon has no bearing whatsoever on a review of the sufficiency of the evidence of his aggravated-assault conviction. The State further argues that sufficient evidence existed for the jury to determine that Jones was principally liable for aggravated assault or, in the alternative, aided and abetted Taylor in committing aggravated assault.
¶ 18. When reviewing the sufficiency of the evidence, an appellate court “views the evidence in the light most favorable to the prosecution and asks if ‘any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” Gilbert v. State, 48 So.3d 516, 520 (¶ 12) (Miss.2010) (quoting Bush, 895 So.2d 836, 843 (¶ 16) (Miss.2005)). A person is guilty of aggravated assault if he “attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]” Miss.Code Ann. § 97-3-7(2)(a) (Supp.2010).
¶ 19. Considering the evidence in light most favorable to the State, we find that sufficient evidence existed to convict Jones of aggravated assault. At trial, Sellers, testified that on March 22, 2007, as she was driving down White Street with *680 Williams, she passed a large crowd of people walking on the side of the street. Sellers testified that as she was driving down White Street, she heard someone in the crowd yell an insult toward Williams. Sellers testified that after the insult was lodged, Williams stepped out of her vehicle and exchanged words with Jones, who was in the crowd. Sellers further testified that through her rear-view mirror, she saw Jones with a gun running behind her vehicle and then shots were fired. Investigator Serio testified that through his investigation, he was able to conclude that Jones and Taylor would have been shooting east on White Street. Investigator Serio further testified that Cleveland, the victim, was traveling west on White Street when a bullet entered her front windshield and struck her.
¶ 20. Accordingly, we find that when the evidence is viewed in the light most favorable to the prosecution, “any rational trier of fact could have found” beyond a reasonable doubt that Jones was guilty of aggravated assault. Gilbert, 48 So.3d at 520-21 (¶ 15) (quoting Bush, 895 So.2d at 843).[6] Jones’s argument that his aggravated-assault conviction lacks sufficient supporting evidence is without merit.
¶ 21. Further, we recognize that while Jones argues that the trial court erred by refusing his proposed peremptory jury instruction as to the sufficiency of the evidence, we find that this argument also lacks merit. “The denial of motions for a peremptory jury instruction, motions for a directed verdict and motions for a judgment notwithstanding the verdict all -implicate the sufficiency of the evidence.” Reed v. State, 987 So.2d 1054, 1057 (¶ 10) (Miss. Ct.App.2008) (citing Bell v. State, 910 So.2d 640, 646 (¶ 16) (Miss.Ct.App.2005)). Because we have found that sufficient evidence exists supporting Jones’s aggravated-assault conviction, we, likewise, find that this argument lacks merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE AND MAXWELL, JJ., CONCUR. BARNES AND ROBERTS, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. RUSSELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, P.J. MYERS, J., NOT PARTICIPATING.

. The record reflects that while Taylor initiated an appeal, his appeal was dismissed due to his failure to file an appellate brief.

. We pause to note that because the trial court ruled upon Jones’s motion for a new trial while Jones’s appeal was before this Court, the trial court's order denying Jones's motion for a new trial was not initially part of the record in this case.

.Rule 11.03 provides:
In cases involving enhanced punishment for subsequent offenses under state statutes:
1. The indictment must include both the principal charge and a charge of previous *676 convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment.
The indictment shall not be read to the jury.
2. Separate trials shall be held on the principal charge and on the charge of previous convictions. In the trial on the principal charge, the previous convictions will not be mentioned by the [S]tate or the court except as provided by the Mississippi Rules of Evidence.
3. If the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions.

.The Supreme Court in Old Chief stated:
This recognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant’s legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him.... The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court’s jury instructions ....
Id. at 190-91, 117 S.Ct. 644.

. In discussing this assignment of error, Jones fails to point to the specific jury instruction upon which he asserts error.

. "[I]t is well-settled law that the jury determines the credibility of witnesses and resolves conflicts in the evidence.” McKay v. State, 59 So.3d 644, 646 (¶ 6) (Miss.Ct.App.2011) (citations omitted). Furthermore, we recognize that "a jury is allowed to consider all logical inferences flowing from the evidence.” Anderson v. State, 874 So.2d 1000, 1006 (¶ 22) (Miss.Ct.App.2004). This Court "will not reweigh the evidence, as matters regarding the weight and credibility of the evidence are to be resolved by the jury.” Holloway v. State, 860 So.2d 1244, 1246 (¶ 9) (Miss.Ct.App.2003) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)).