CARLSON, Presiding Justice,
for the Court:
¶ 1. Henry Taylor and Eddie Ray Jones were tried jointly for aggravated assault and possession of a firearm by a felon. Taylor was found guilty on both charges, and Jones was acquitted on the latter charge but convicted on the former charge. Jones appealed his aggravated-assault conviction, and the Court of Appeals affirmed Jones’s conviction and sentence. After the Court of Appeals denied his motion for rehearing, Jones filed a petition for writ of certiorari which we granted to consider, inter alia, Jones’s claims of inconsistent verdicts and erroneous jury instructions. We now find that Jones’s claims of error are without merit; thus we affirm the judgments of the Court of Appeals and the Circuit Court for the Second Judicial District of Bolivar County.
FACTS AND PROCEEDINGS IN THE TRIAL COURT
¶ 2. At the outset, we mention that the State’s theory at trial was that Jones and *643 Taylor committed aggravated assault, individually or as aiders and abettors, in connection with firing the bullet that struck Camisha Cleveland.
¶ 3. We set out the facts of today’s case in the light most favorable to the jury verdict as to the aggravated-assault conviction. At approximately 6:30 p.m. on March 22, 2007, a shooting occurred on White Street in Cleveland, near the intersection of White Street and Highway 61. Latoya Sellers was driving her white Nissan Altima east on White Street. Her boyfriend, Maurice Williams, was in the passenger seat. They passed a large crowd of people heading west toward Highway 61. According to Sellers, someone in the crowd hollered what unquestionably would be considered an inflammatory remark. Williams jumped out of the car with a gun and said “what did you say?” Then Williams started firing shots west toward the intersection of White Street and Highway 61. At that point, a person or persons in the crowd returned fire, shooting in an easterly direction, and struck Camisha Cleveland, who was driving her car west on White Street. The bullet traveled through the windshield of Cleveland’s car, shattered Cleveland’s cheekbone, and damaged her ear. The State sought to prove that Jones or Taylor individually had fired the shot that struck Cleveland, and that the other had aided and abetted in the crime.
¶ 4. Several witnesses testified about what they had observed. Frank Edwards testified that it was daylight when the shooting occurred. He was outside a trailer on White Street when he saw the crowd and spotted Taylor and Jones in the crowd. He saw Taylor point a gun in an easterly direction. He did not see Jones or anyone else with a gun. Michael Whit-ten, who worked at a package store on the corner of Highway 61 and White Street, heard five to seven gunshots and then saw Taylor running with something short and silver in his hand. Whitten did not see Jones at all. Virginia Hunter, who lived on White Street, saw Taylor pointing a gun away from Highway 61. She did not see Jones.
¶ 5. Cedrick Hampton testified that he was not present at the shooting, but that he had seen Jones and Taylor in a car prior to the shooting. He admitted he had given a statement to the police in which he had stated that, when he had seen them, Taylor and Jones had guns. Hampton testified that he had lied to the police because he had been angry with Jones and Taylor due to a misunderstanding. He testified that, in fact, he had not seen Taylor and Jones with guns.
¶ 6. Sellers testified that she had given three statements to the police. In her first and second statements, she had omitted the fact that Williams had a gun. She testified that she had lied because she had been trying to protect herself from prosecution. In her third statement, Sellers stated that Williams and Jones had guns. She stated that, after Williams jumped out of her car, she quickly glanced in the rear-view mirror and saw Jones running behind her car, holding a gun. She heard shooting. She said Williams never fired his gun, and that her statements were not an effort to protect Williams. Jones’s counsel cross-examined Sellers, using her prior inconsistent statements in an effort to impeach her testimony before the jury. Sellers was unable to say whether Jones had been wearing a shirt, and she was unable to describe the gun.
¶ 7. George Serio, Investigator for the Cleveland Police Department, testified that Jones, Taylor, Williams, and Sellers had been arrested and charged in connection with the shooting. He stated that Jones and Taylor had tested negative for *644 gunshot residue, and Williams’s test was ambiguous. He testified that another person had confessed to the shooting, but that the investigation had discredited that person’s confession.
¶ 8. Jones and Taylor stipulated to their prior felonies. During the defendants’ case-in-ehief, several relatives of the defendants testified that they had been in the crowd, and that neither Jones nor Taylor had been involved in the shooting. The jury found Taylor guilty of aggravated assault and possession of a firearm by a felon, and it found Jones guilty of aggravated assault but acquitted him of possession of a firearm by a felon. Jones was sentenced to serve twenty years as a habitual offender in the custody of the Mississippi Department of Corrections. Jones appealed, and this Court assigned his appeal to the Court of Appeals.
PROCEEDINGS IN THE COURT OF APPEALS
¶ 9. Before the Court of Appeals, Jones raised two issues: (1) whether, during voir dire, the trial court erred in reading the portion of Count II of the indictment concerning Jones’s prior conviction of sale of cocaine as an element of the crime of possession of a firearm by a convicted felon;[1] and (2) whether the evidence adduced at trial was legally sufficient to sustain his aggravated-assault conviction. In a majority opinion authored by Judge Carlton, the Court of Appeals discussed the issues, found them to be without merit, and affirmed. Jones v. State, 95 So.3d 672, 674-80, ¶¶1-22 (Miss.CtApp.2011), r’hg denied (November 29, 2011).
¶ 10. Judge Russell, joined by Presiding Judge Irving, dissented, finding the evidence insufficient to sustain a guilty verdict for aggravated assault; Judge Russell opined that Jones’s aggravated-assault conviction should be reversed and a judgment of acquittal rendered in Jones’s favor. Additionally, although Jones did not challenge on appeal the jury instructions or the weight of the evidence, Judge Russell, in applying plain-error review, found fault with the aiding-and-abetting language of the aggravated-assault instruction which the trial court submitted to the jury, and she found that the guilty verdict was contrary to the weight of the evidence, thus requiring at least a reversal of the judgment of conviction and sentence and a remand to the trial court for a new trial. Jones, 95 So.3d 672, 680-84, ¶¶ 23-41, (Russell, J., dissenting, joined by Irving, P.J.)
¶ 11. Once the Court of Appeals denied his motion for rehearing, Jones filed his petition for writ of certiorari, which we granted. Jones v. State, 82 So.3d 620 (Miss.2012).
DISCUSSION
¶ 12. In his petition for writ of certiora-ri, Jones asserts: (1) during voir dire, the trial court erred in reading to the jury that portion of Count II of the indictment (convicted felon in possession of a firearm) concerning Jones’s prior conviction for sale of cocaine; (2) the evidence was legally insufficient to sustain the conviction for aggravated assault; (3) more specifically, the evidence was legally insufficient to sustain the jury’s finding that Jones had aided and abetted Henry Taylor in committing the crime of aggravated assault; and (4) by applying plain-error review on appeal, the trial court had erred in giving the tendered aggravated-assault instruction *645 with the faulty “aiding-and-abetting” language, and the jury’s guilty verdict as to the aggravated-assault charge was contrary to the weight of the evidence.
¶ 13. As noted supra, Jones raises several issues in his petition for writ of certiorari; but this Court may limit the issue(s) we wish to address upon a grant of certiorari. McCain v. State, 81 So.3d 1055, 1059 n. 5 (Miss.2012); Glidden v. State, 74 So.3d 342, 345 (Miss.2011); see M.R.A.P. 17(h). Thus, today, we will discuss those issues we deem appropriate.
I. WHETHER THE EVIDENCE WAS SUFFICIENT TO SUSTAIN JONES’S CONVICTION FOR AGGRAVATED ASSAULT.
¶ 14. Challenging the sufficiency of the evidence, Jones argues that, viewed alongside Taylor’s convictions, his acquittal on felony possession of a firearm meant that the jury had found that he (Jones) had not possessed or fired a gun. The Court of Appeals rejected this argument, reasoning that, when the verdicts are inconsistent, the reviewing court properly considers whether evidence was sufficient to support only those counts on which a conviction is returned. Jones, 95 So.3d 672, 679, ¶ 17. Because Sellers’s testimony that she had seen Jones facing east holding a gun and then had heard gunshots was sufficient to support his conviction of aggravated assault, the Court of Appeals affirmed. Id. at 680, ¶22. The Court of Appeals majority noted that “where a multi-count verdict appears inconsistent, the appellate inquiry is limited to a determination of whether the evidence is legally sufficient to support the counts on which a conviction is returned. What the jury did with the remaining counts is immaterial.” Jones v. State, 95 So.3d 672, 679, ¶ 17 (Miss.Ct.App.2011) (citing Edwards v. State, 797 So.2d 1049, 1058 (Miss. Ct.App.2001) (citation omitted)).
¶ 15. In her dissent, Judge Russell took issue with the majority’s conclusion that the evidence was sufficient to support Jones’s aggravated-assault conviction, stating:
The fact that the jury acquitted Jones for possession of a firearm would indicate that they did not believe Sellers and rejected her testimony that she saw Jones with a gun. In the absence of Jones possessing a gun, it would be an illogical conclusion that he could have fired the shot that injured Cleveland. Absent other proof, the evidence is insufficient to find Jones individually liable for aggravated assault.
Jones v. State, 95 So.3d 672, 679 ¶ 17 (Russell, J., dissenting) (citation omitted). Judge Russell further opined that the record was devoid of evidence that Jones in any way assisted, encouraged, incited, or planned with Taylor to shoot into the crowd. Id. at 681-82.
¶ 16. But we agree with the Court of Appeals majority that, when verdicts are inconsistent, the reviewing court properly considers whether evidence was sufficient to support only those counts on which a conviction is reached. Jones v. State, 95 So.3d 672, 679, ¶ 17. This Court has held that inconsistent or even contradictory verdicts are not, in and of themselves, reasons to overturn a criminal conviction.[2] See Holloman v. State, 656 So.2d 1134, 1141 (Miss.1995). We therefore find that *646 the Court of Appeals majority reached the right result on this-question.
¶ 17. In Sanders v. State, 63 So.3d 497, 504 (Miss.2011), after a grant of certiorari, this Court agreed with the Court of Appeals’ reasoning, consistent with our case-law that, in addressing a verdict of guilty that appears to be inconsistent with a verdict of not guilty as to another count in the indictment, we will focus only on the guilty verdict under attack on appeal to determine whether that verdict is supported by legally sufficient evidence and/or the weight of the evidence. Id. at 504.[3] In Sanders, the defendant killed his grandfather and then his grandmother in their home in a matter of minutes, and the jury returned a verdict finding the defendant not guilty by reason of insanity for the murder of his grandfather, and a verdict finding the defendant guilty for the murder of his grandmother. We stated:
In sum, the Court of Appeals said, “[w]hen analyzing the weight of the evidence that supports a jury’s verdict, we are simply prohibited from considering, in any way, what the jury did on another count. It is irrelevant and immaterial. It is as if it never happened.” [4] We agree with the well-reasoned analysis of the Court of Appeals on this point. We will not consider the jury’s deliberation or its conclusions on another count of the indictment, because doing so would be speculative and unreliable. Like the Court of Appeals, we will examine the evidence presented at trial, as we would do in any other case in which the issue of weight has been raised.
Id. In the end, we determined that Sanders’s conviction for the murder of his grandmother was not against the overwhelming weight of the evidence. Id. at 506.
¶ 18. When reviewing the sufficiency of the evidence, an appellate court “views the evidence in the light most favorable to the prosecution and asks if ‘any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” Gilbert v. State, 48 So.3d 516, 520 (Miss.2010) (quoting Bush v. State, 895 So.2d 836, 843 (Miss.2005)). A person is guilty of aggravated assault if he “attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.... ” Miss.Code Ann. § 97-3-7(2)(a) (Rev.2006).
¶ 19. The fact that the jury found Jones not guilty of felony possession of a firearm is immaterial to our review of the jury’s determination that Jones committed aggravated assault. The uncontradicted evidence was that the shot which injured Cleveland came not from Williams, who was shooting westward, but from an individual or individuals returning fire, shooting toward the east. Hampton testified at trial that he had not seen Taylor or Jones with guns on the day of the shooting. Hampton also testified that he had lied in a statement given to law-enforcement officials that Taylor and Jones did have guns on the day of the shooting, with the motive for the false statement being that he was angry with Jones and Taylor “due to a misunderstanding.” The trial testimony of Sellers was that Jones did have a firearm and was near the scene of the incident just before the shooting. Sellers further testified that Jones was running behind her holding a gun, and that she then heard *647 shooting. She never stated that she actually saw Jones fire the weapon, but her testimony constitutes circumstantial evidence to that effect.
¶ 20. Sellers was impeached at trial with her prior inconsistent statements and with her inability to describe the weapon or to state whether Jones was wearing a shirt; and Hampton later recanted his original statement to the police that Jones had a firearm in his possession just before the shooting. But the jury, by its verdict, apparently chose to disregard, or not believe, this evidence, which it had every right to do as the fact-finder. In reviewing the weight of the evidence supporting a verdict, this Court will not “pass upon the credibility of witnesses and, where the evidence justifies a verdict, it must be accepted as having been found worthy of belief.” Massey v. State, 992 So.2d 1161, 1163 (Miss.2008) (citing Moore v. State, 933 So.2d 910, 922 (Miss.2006)). Reviewing the evidence in the light most favorable to the State, we find sufficient evidence exists for any reasonable trier of fact to have found beyond a reasonable doubt that Jones was guilty of aggravated assault. As to the weight of the evidence, in reviewing the evidence in the light most favorable to the verdict, we find that the verdict is not so contrary to the overwhelming weight of the evidence that to allow it to stand would bring about an unconscionable injustice. Sanders, 63 So.3d at 503 (citing Bush, 895 So.2d at 844). We find that this issue is without merit.
II. WHETHER THIS COURT SHOULD ADDRESS THE TRIAL COURT’S GRANT OF THE AGGRAVATED-ASSAULT INSTRUCTION ON THE BASIS OF PLAIN ERROR.
 ¶ 21. In his petition for writ of certiorari, Jones concedes that, on appeal, he “did not challenge the jury instructions or the weight of the evidence.” These issues thus are procedurally barred. See, e.g., Jackson v. State, 684 So.2d 1213, 1226 (Miss.1996). However, this Court “may, at its option, notice a plain error not identified or distinctly specified.” M.R.A.P. 28(a)(3). “When a defendant fails to make a proper objection at trial, and thus fails to preserve the issue for appellate review, we will reverse if the error involved a fundamental and/or substantive right and resulted in a ‘manifest miscarriage of justice’ or ‘seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.’ ” Blanchard v. State, 55 So.3d 1074, 1077 (Miss.2011) (citation omitted). Judge Russell, in her Court of Appeals dissent, found that plain error had occurred because the jury was given an erroneous instruction on the elements of aggravated assault. Jones v. State, 95 So.3d at 683, ¶ 31 (Russell, J., dissenting). In today’s case, the dissent adopts this argument, and would reverse and remand the case on this basis. We do not find plain error and, since the issue was not raised at trial or on direct appeal, we find the issue to be procedurally barred.
¶22. Notwithstanding the procedural bar, we will discuss the merits of the issue raised by Jones in his petition for writ of certiorari. “When a jury is given instructions which are in hopeless conflict this Court is compelled to reverse because it cannot be said that the jury verdict was founded on correct principles of law.” Johnson v. State, 908 So.2d 758, 764 (Miss. 2005) (citations omitted) (emphasis in original). The dissent considers both the jury instruction on the elements of aggravated assault and the trial court’s oral explanation of these instructions to be confusing. However, jury instructions are read “as a *648 whole and not in isolation.” Harden v. State, 59 So.3d 594, 608 (Miss.2011).
¶ 23. Specifically, Instruction Number S-1A, the jury instruction on the elements of aggravated assault stated in pertinent part:
In Count 1, if you believe from the evidence in this case beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence that:
(1) On or about March 22, 2007, the defendants, EDDIE RAY JONES and HENRY TAYLOR A/K/A “MAIN”, individually or while aiding and abetting and/or acting in concert with each other, did purposely, knowingly or recklessly, under circumstances manifesting extreme indifference to the value of human life, cause serious bodily injury to Camisha Cleveland, and
(2) said injury was caused by the shooting into the street or traffic thereby hitting Camisha Cleveland causing injury to the right side of her head and/or her right ear,
then you shall find the defendants EDDIE RAY JONES and HENRY TAYLOR, guilty of aggravated assault in Count 1.
If the State has failed to prove any one or more of the above elements beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence, then you shall find the defendants not guilty in Count 1.
The trial judge orally explained the jury instructions with the statement that “[Taylor and Jones] are charged with Ag[gra-vated] Assault, and that will be either guilty or not guilty for two defendants .... ” He also stated that “[Taylor and Jones] are both charged with aggravated assault together — well, in one indictment.” [5]
¶ 24. We disagree with the dissent’s interpretation that this language, read as a whole, instructed the jury that if it found that Taylor had acted alone, then it should find Jones guilty. Importantly, the Court also gave an aiding-and-abetting instruction. Instruction Number S-2 stated in pertinent part:
The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through the direction of another person as his or her agent, by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.
[[Image here]]
Before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberate *649 ly associate himself in some way with the crime and participate in it with the intent to bring about the crime.
Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.
In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.
¶ 25. In reading the aiding-and-abetting instruction together with the aggravated-assault instruction, it is clear that the jury was instructed appropriately on the applicable law. The jury was informed adequately via these instructions that if one of the defendants were to be found guilty individually, his codefendant could not be found guilty individually without deliberately associating himself in some way with the crime and participating in it. The references in the aggravated-assault instruction to finding “Eddie Ray Jones and Henry Taylor” guilty certainly informed the jury adequately, reading the instructions as a whole, that it could find both defendants guilty only if the jury found that one of these defendants aided and abetted and/or acted in concert with the other in committing the crime of aggravated assault.
¶ 26. Finally, of significant import is the form-of-the-verdict instruction given by the trial judge. This instruction set out all the options available to the jury as to each defendant as to each count of the indictment.[6] We set out here, verbatim, the portion of Instruction Number C-18 concerning the jury’s options for Jones and Taylor as to Count I of the indictment:
The guilt or innocence of each Defendant must be considered separately by you on the evidence and the law. All twelve of you must agree on a verdict as to each defendant in this case.
You will return a separate verdict as to each defendant and each count of the indictment.
Your verdicts as to each count should be written on a separate sheet of paper, need not be signed by you, and may be in either of the following forms:
1 a) If you find the defendant Eddie Ray Jones guilty of Aggravated Assault as charged in the indictment, then the form of your verdict shall be:
“We, the jury, find the defendant, Eddie Ray Jones, guilty of Aggravated Assault as charged in the indictment.”
b) If you find the defendant Eddie Ray Jones not guilty of Aggravated Assault as charged in the indictment, then the form of your verdict shall be:
“We, the jury, find the defendant, Eddie Ray Jones, not guilty of Aggravated Assault as charged in the indictment.”
[[Image here]]
3 a) If you find the defendant Henry Taylor guilty of Aggravated Assault as charged in the indictment, then the form of your verdict shall be:
*650 “We, the jury, find the defendant, Henry Taylor, guilty of Aggravated Assault as charged in the indictment.”
b) If you find the defendant Henry Taylor not guilty of Aggravated Assault as charged in the indictment, then the form of your verdict shall be:
“We, the jury, find the defendant, Henry Taylor, not guilty of Aggravated Assault as charged in the indictment.”
(Emphasis added.) In reading all the instructions together as a whole, and specifically Instructions S-1A, S-2, and C-18, it is readily apparent that the jury clearly understood that it had to consider each count of the indictment separately as to each defendant and that, as to Count I, the jury could find both defendants guilty, both defendants not guilty, or one defendant guilty and the other defendant not guilty, as to each count.
¶ 27. Nor do we find that the judge’s oral statements explaining the instructions muddied the law; rather, we find that they clarified it. The statement that the charge of aggravated assault “will be either guilty or not guilty for two defendants” clearly separates the verdict between the two individuals. The statement that the defendants “are both charged with aggravated assault together — well, in one indictment[,]” would not lead the jury mistakenly to understand that it could not find one defendant guilty of the crime, and the other not guilty. It must be recalled that this Court reads jury instructions as a whole and not in isolation. Harden, 59 So.3d at 608. Any lingering doubt as to the adequacy of these instructions is removed by the fact that the jury was properly instructed that “[b]efore any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.... ”
¶ 28. Again, as to the second issue, we find the issue to be procedurally barred, but procedural bar notwithstanding, based on our discussion, the issue has no merit.
¶ 29. As to the remaining issues discussed by the Court of Appeals and raised by Jones in his petition for writ of certio-rari, we find that the Court of Appeals very ably discussed these issues and appropriately applied the law to the facts contained in the record; thus, we adopt the Court of Appeals’ analyses as to these remaining issues, which we also find to be without merit. See Glidden, 74 So.3d at 345.
CONCLUSION
¶ 30. Based on today’s discussion, we conclude that Eddie Ray Jones’s conviction for the crime of aggravated assault and his sentence of twenty years as a habitual offender to be served in the custody of the Mississippi Department of Corrections must be affirmed. Thus, we affirm the judgments of the Court of Appeals and the Circuit Court for the Second Judicial District of Bolivar County.
¶ 31. THE JUDGMENTS OF THE COURT OF APPEALS AND THE CIRCUIT COURT FOR THE SECOND JUDICIAL DISTRICT OF BOLIVAR COUNTY ARE AFFIRMED. COUNT I: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY (20) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND PAY ALL COURT COSTS, AFFIRMED. SENTENCE SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED.
*651 WALLER, C.J., RANDOLPH, LAMAR AND PIERCE, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., KITCHENS AND KING, JJ.

. The indictment also alleged that Jones was a habitual offender under Mississippi Code Section 99-19-81 and described Jones's alleged prior felony convictions. The habitual-offender language of the indictment was not read to the jury during voir dire.

. But we question whether the verdicts in today’s case were inconsistent. If the jury found from the evidence that Jones had aided and abetted Taylor and/or acted in concert with Taylor in committing the aggravated assault, it would not be necessary for the jury to find Jones to have been in possession of a firearm in order to find Jones guilty, along with Taylor, for the crime of aggravated assault.

. In Sanders, only the weight of the evidence (and not the legal sufficiency of the evidence) was raised in attacking the jury verdict of guilty in killing the grandmother. Id. 503-06.

. Sanders v. State, 63 So.3d 554, 560-62 (Miss.Ct.App.2010).

. While we disagree with the dissent’s conclusion that "[fjurther confusion resulted” when the trial judge offered to the jury an oral explanation of the jury instructions prior to the reading of the instructions, we suggest to trial judges that they be cautious in talking with juries concerning the jury instructions. While it is quite appropriate to make general remarks to the jury, either prior to or during the jury-instruction charge, trial judges should always remain vigilant to the ever-present possibility that oral statements to the jury during the jury-instruction charge may be inconsistent with the pronouncements of law contained in the jury instructions. See, e.g., Martin v. State, 415 So.2d 706, 709 (Miss.1982) ("instructions to the jury should be presented in written form only, where possible”); Pearson v. State, 254 Miss. 275, 291, 179 So.2d 792, 799 (1965) ("[Cjircuit judges must give instructions in writing- This mandate to him can not be nullified by his permitting counsel to give an oral instruction for him, or orally alter one already given by him.”).

. Count I of the indictment charged both Jones and Taylor with aggravated assault concerning the shooting of Camisha Cleveland; Count II charged Jones with being a felon in possession of a firearm; and Count III charged Taylor with being a felon in possession of a firearm.